JOHN CALLAGHAN, Respondent, v. BERNARD M'MAHAN, Appellant.

*Pleading—Uniting actions.*—A plaintiff may unite in the same petition several causes of action when they arise out of the same transaction or transactions connected with the same subject of action. (R. C. 1855, p. 1228.)

Callaghan v. M'Mahan.

*Pleading—Amendment.*—It was proper for the court, after the evidence was closed, to permit the plaintiff to correct the description of the land in the petition, to make the petition conform to the facts proved. (R. C. 1855, p. 1253, § 2 & 3.)

*Appeal from Jefferson Circuit Court.*

*J. L. Thomas*, for appellant.

*A. Green*, for respondent.

I. The decree of the court is warranted by the facts proved. By the agreement, defendant was to enter eighty acres of land in Jefferson county for the plaintiff. The proof shows plaintiff furnished the money, and that defendant did enter the land, and for the plaintiff. It is no objection that defendant entered under the graduation act. If this be a fraud on the Government, defendant cannot take advantage of his own wrong. The plaintiff having furnished the money to enter the land with, under the agreement, a resulting trust arises in his favor by operation of law. (28 Mo. 578; Vallé v. Bryan, 19 Mo. 423; Paul v. Chouteau, 14 Mo. 580.)

II. The decision of the court overruling the demurrer was correct. The petition is not multifarious. The causes of action stated in the petition both arise out of the same transaction. (R. C., p. 1228, § 2; Martin v. Martin, 13 Mo. 36; 12 Mo., p. 3.)

III. It was not error in the court to permit plaintiff to amend his petition in the description of the land at the trial. It is not shown that such amendment took defendant by surprise. (R. C., p. 1253, § 2 & 3.)

BAY, Judge, delivered the opinion of the court.

Plaintiff filed his petition in the Circuit Court of Jefferson county, alleging that in February, 1854, he gave to the defendant the sum of one hundred dollars for the purpose of entering a tract of land in the county of Jefferson, in this State, to contain eighty acres, expecting that said land would be entered at the price of $1.25 per acre; that said land was to be entered in the name of the plaintiff; that in pursuance

of said arrangement said defendant did enter with the money of said plaintiff a tract of eighty acres, particularly described in the petition, but that the entry was made in the name of the defendant contrary to said agreement and understanding and in fraud of plaintiff's rights, and that said entry was made under the graduation act, and at the price of ten dollars, leaving a balance of ninety dollars due plaintiff.

Plaintiff prays judgment for said sum of ninety dollars, with interest, and also a decree divesting defendant of the title in said land and vesting the same in plaintiff.

To this petition defendant filed a demurrer upon the ground that it was multifarious in this, that it contained a count in equity for land, and one at law for money had and received, which demurrer was overruled; whereupon the defendant answered, denying that he entered the land with the plaintiff's money, and denying all the allegations tending to establish a resulting trust. The answer also repeats the objections to the petition contained in the demurrer.

The court gave judgment for the plaintiff for the sum of $122.40, being the unexpended balance with interest, and also a decree divesting defendant of title, &c., and vesting same in plaintiff.

Motions for new trial and in arrest were filed and overruled, and the cause is brought here by appeal.

It appears from the bill of exceptions that after the evidence was closed and the cause submitted, but before the entry of the judgment, the court suggested to the plaintiff that he claimed in his petition the wrong land, whereupon the court permitted the plaintiff to amend his petition by substituting the words " south-west quarter of north-east quarter, and the south-east quarter of the south-east quarter of section thirty-one, in township forty-two, of range three east," instead of the words " north-west quarter of the south-east quarter, and the south-east quarter of the south-east quarter of section thirty-one, in township forty-three, range three east;" to which ruling of the court defendant objected and excepted.

The demurrer to the petition was properly overruled. As the objection that two causes of action were united in the same count was not taken in the court below, nor made here, it will not be now considered. Under the old practice, the petition would have been undoubtedly defective, but the second section of the sixth article of the present code (2 R. C., p. 1228) authorizes the plaintiff to unite in the same petition several causes of action, whether they be such as have been heretofore denominated legal or equitable, or both, when they shall arise out of the same transaction or transactions connected with the same subject of action.

In this case, the causes of action, though different in their nature, grew out of the same transaction, affect the same parties, and do not require different places of trial, and therefore come within said statutory provision.

The only remaining point in the case relates to the amendment to the petition permitted to be made after the evidence was closed and the cause submitted. The third section of article nine, of same act, (2 R. C., p. 1253,) declares that " the court may, at any time before final judgment, in furtherance of justice and on such terms as may be proper, amend any record, pleading, process, entry, return, or other proceeding, by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting other allegations material to the case; or when the amendment does not change substantially the claim or defence, by conforming the pleading or proceeding to the facts proved."

This section is broad enough to embrace the amendment made. It was a mere misdescription of the land which seems not to have been noticed by either of the parties upon the trial, and the object of the amendment was to make the petition conform to the facts proved. It does not appear that the defendant was taken by surprise, or in anywise prejudiced.

With the concurrence of the other judges, the judgment will be affirmed.