PHILENA SAGE *et al.*, Respondents, v. WILLIAM A.
TUCKER *et al.*, Appellants.

St. Louis Court of Appeals, November 22, 1892.

1. **Pleadings:** AMENDMENT OF PETITION IN ACTION FOR PENAL DAMAGES
   FOR TRESPASS. In an action for penal damages under Revised
   Statutes, 1879, section 3922, for the wrongful removal of fences
   inclosing land of the plaintiff, the petition may be amended by a
   change in the description of the land.

2. **Practice, Appellate:** ASSIGNMENT OF ERROR BASED UPON VOLUMINOUS EVIDENCE: DUTY OF APPELLANT. In this cause the appellant objected to an instruction as unwarranted by the evidence, which was made up largely of documentary evidence, and was very voluminous. The appellant did not make an abstract of this evidence, nor did he point out in what respect it failed to warrant the instruction. *Held*, that this court was justified, under these circumstances, in refusing to consider this assignment of error.

3. **Married Women:** INJURY TO LANDS: RIGHT OF ACTION. *Semble* that, where the legal title to land is in a married woman and fences on the same are wrongfully removed, the right of action for penal damages for the removal of the fences is in her, and not in her husband.

4. **Practice, Appellate:** AMENDMENT OF JUDGMENT IN APPELLATE COURT. When an action is commenced, and judgment is recovered, in the names of both husband and his wife for injury to the lands of the latter, and the right of action is in the husband alone, the judgment can be amended by the appellate court by striking out the name of the wife.

*Appeal from the Scotland Circuit Court.*—HON. BEN. E. TURNER, Judge.

AFFIRMED.

*F. L. Scofield, R. D. Cramer, John C. Moore, McKee & Jayne,* for appellants.

No brief filed for respondents.

BIGGS, J.—Philena Sage, the wife of George Sage, is the owner of certain real estate adjoining the town of Arbela, in Scotland county, and certain lots in the town. She and her husband brought this action against the defendants under section 3922, Revised Statutes, 1879, which reads: "If any person shall voluntarily throw down or open any doors, bars, gates or fences, and leave the same open or down, other than those that lead into his own inclosure, or shall voluntarily throw down, open or remove any partition fence, without

giving six months' written notice to the persons owning the adjoining fields, if they are cultivated lands, he shall pay to the party injured the sum of $5 and double the amount of damages the party shall sustain by reason of such doors, bars, gates and fences having been thrown down or opened, with costs." The plaintiffs charged the defendants with tearing down the fences and gates on the land of Mrs. Sage, to the damage of the plaintiffs in the sum of $100. The action was commenced before a justice of the peace, but, on affidavit of the defendants putting in issue the title of the plaintiffs, it was transferred to the circuit court, where on a trial the plaintiffs recovered a judgment for $15 damages and the penalty of $5 provided by the statute. The defendants have brought the case to this court for review.

I. In the complaint filed before the justice, the land was described as beginning at a point twenty-five rods west of the northeast corner of the southwest quarter of section 4. The circuit court permitted the plaintiffs to amend their petition in respect of the description of the land as follows: "Beginning at a point twenty-five rods west of the northeast corner of the *southwest quarter of the* southwest quarter of section 4." The italicized words were added to the description. The defendants insist that this amendment had the effect to substitute a new cause of action, and this constitutes their first assignment of error. In the case of *Callaghan v. McMahan*, 33 Mo. 111, the land sued for was described in the petition as the northwest quarter of the southeast quarter of a certain section. After the close of the evidence the court permitted the plaintiff to change the description by amendment so as to make it read *the southwest quarter of the northeast quarter* of the section. The supreme court held that the statute was broad enough to embrace the amendment. Under

the authority of this case this assignment must be ruled against the defendants.

. II.   The defendants claim that they ought not to be liable to this prosecution for the reason that, in the removal of the fences of the plaintiffs, they were acting under the lawful authority of the town of Arbela in this: That these fences occupied a portion of Tenth and Wheatley streets in the town; that the plaintiffs had been requested by the town authorities to remove them, which they had declined to do; that, thereupon, the defendants were directed by the town board to remove the obstructions from the said streets, and that it was in the performance of this duty that the defendants removed these fences from Tenth and Wheatley streets.   The court in its instructions told the jury that Tenth street was legally dedicated to public use, and that there could be no recovery for the removal of that portion of the fence which obstructed that street.   The court also declared as a matter of law that Wheatley street had never been legally condemned or dedicated to public use so as to affect the plaintiffs' property rights, and that, if that portion of the fence located on what the witnesses designated as Wheatley street was torn away by the defendants, and that fence served to inclose land belonging to Philena Sage, and she and her husband lived on the land at the time, then the verdict should be against the defendants for the penalty of $5, provided by statute, and also for the damages done in tearing down the fence as shown by the evidence.   The evidence bearing on the subject of the last instruction is made up largely of documentary evidence, which is to be found in a very voluminous transcript.   The appellants' counsel have not favored us with an abstract of the testimony on this issue, neither have they attempted to point out wherein the court was not justified in directing the jury as it did in refer-

ence to the alleged condemnation or dedication of Wheatley street, so called. Hence, we are justified in adopting the conclusion of the judge who tried the case, and decline to go through such a record for the purpose of verifying the correctness of the instruction. We have been unable to discover any errors in this branch of the case and will, therefore, overrule the defendants' complaints in reference thereto.

II. It is insisted, however, that the judgment in this case must be reversed, because the right of action was in the husband alone. The damages proved, and upon which the finding of the jury must of necessity rest, appertained to the destruction of the fences along the line of the alleged streets, which served as an inclosure of land belonging to the wife. No damages were alleged or proved to growing crops. The fences were built of planks and wires attached to posts. The evidence had some tendency to show that the materials composing the fences were so damaged and broken in the removal as to render them unfit for further use. Under this state of the proof, the court permitted the plaintiffs to introduce evidence of the value of the fences thus destroyed on the score of damages. The evidence bearing on the question of damages was confined to this.

Actions for the violation only of the present possession of the wife's land belonged to the husband. At common law the exclusive right to the possession of her lands, other than those held to her sole and separate use, is vested in the husband. It logically follows that the husband would be the only proper person to vindicate such present right of possession, when assailed or denied. *Gray v. Dryden*, 79 Mo. 106; *Bledsoe v. Sims*, 53 Mo. 305; *Wilson v. Garaghty*, 70 Mo. 517. But, when the *gravamen* of the complaint pertains to an injury to the inheritance, or to the integrity of the

wife's fee-simple lands, she must be joined. *Dyer v. Whittler*, 89 Mo. 81, 96; *Wilson v. Arentz*, 70 N. C. 670. In this case we are inclined to the opinion that the wife is the injured party, and consequently the suit was properly brought. But, if we are mistaken in this, it would not be reversible error, for the reason that under the decisions of this state the judgment could be modified in this court by striking out the name of the wife. *Crispen v. Hannovan*, 86 Mo. 160; *Mueller v. Kaessmann*, 84 Mo. 318; *Cruchon v. Brown*, 57 Mo. 38; *Weil v. Simmons*, 66 Mo. 617.

The judgment of the circuit court will be affirmed. All the judges concurring, it is so ordered.