## W. W. BROYLES v. ENO V. EVERSMEYER, Appellant.

### Division One, December 2, 1914.

1. **AMENDING PETITION: Changing Cause of Action: Mistake in Description of Land.** Where the original petition in ejectment described the northeast fractional quarter of a section 27, it is not error to permit the plaintiff to file an amended petition describing the land sued for as the northeast fractional quarter of section 28, and after a motion to strike out the amended petition, on the ground that it is the substitution of a new cause of action and not an amendment of the cause of action stated in the original petition, is overruled and defendant stands mute, to render judgment *nil dicit* for plaintiff on said amended petition for the land described therein.

2. **————: ————: Statute Authorizing Correction of Mistake.** Sec. 1848, R. S. 1909, declaring that the court, at any time before final judgment, in furtherance of justice, and on such terms as may be proper, may amend any pleading by correcting "a mistake in any other respect," authorizes the court to permit plaintiff in ejectment to file an amended petition changing the description of the land sued for; and a record entry showing that "leave is granted plaintiff to file an amended petition correcting error in description" is a finding by the court that a mistake was made in the description of the land in the original petition, and those things appearing it will not be held that the amended petition was the substitution of a new and different cause of action.

Appeal from Lincoln Circuit Court.—*Hon. James D. Barnett,* Judge.

AFFIRMED.

*Charles Martin* for appellant.

(1) The two tests adopted in this State to determine whether a second petition is an amendment or the substitution of a new cause of action are: first, that the same evidence will support both petitions; second, that the same measure of damages or recovery will apply to both petitions. Scovill v. Glasner, 79 Mo. 449; Walker v. Railroad, 193 Mo. 477; Ross v. Land Co., 162 Mo. 317. Another test which the courts have generally adopted is to inquire whether a recovery on the original petition would be a bar to a recovery under the second or amended petition. Bick v. Vaughn, 140 Mo. App. 603; Davis v. Railroad, 110 N. Y. 646; 1 Ency. Pl. & Pr. 556. (2) An application of these tests to the two petitions will demonstrate that the second petition is but the substitution of a new cause of action and not an amendment of the original petition. The evidence which would show title, possession and right of possession of the northeast fractional quarter of section 27 would in no manner show or tend to show title, possession and right of possession to the northeast fractional quarter of section 28. The character of the evidence to support both petitions would not be the same. Burnham v. Tillery, 8 Mo. App. 458; Clothing Co. v. Railroad, 71 Mo. App. 247. (3) The measure of damages or recovery would not be the same. The rule is that the identity of the matter upon which the action is founded must be preserved in the second petition and the judgment rendered. Walker v. Railroad, 193 Mo. 477; Stewart v. Jackson, 91 Mo. App. 647; 1 Ency. Pl. & Pr. 559. (4) In construing different complaints or petitions to ascertain whether a new cause of action is injected into the second complaint the courts cannot inquire what was the private intention of the pleader but can only look at the petitions to get that intention. Gregory v. Railroad, 20 Mo. App. 448; Sturgis v. Botts,

24 Mo. App. 284. The question in this case seems to be settled in the case of Bricken v. Cross, 163 Mo. 449, a case in which plaintiff after the case had been once reversed, amended his petition so as to cover lands not described in his original petition. The defendant waived his right to object to such amendment by answering the amended petition. The question in the case was whether the Statute of Limitations would run up to the time of filing the original petition or up to the time of filing the amended petition, and the court held that it would run up to the time of filing the amended petition because that was the introduction of a new cause of action. Slater v. Nason, 15 Pick. 345; Robbins v. Harris, 96 N. C. 557; Cilley v. Railroad, 77 Atl. 776; Robinson v. Miller, 37 Mo. 312; Wolf v. Wolf, 158 Pa. St. 621. (5) The liberality in allowing amendments does not extend to such amendments as change the nature and scope of the cause of action or the substitution of a different cause of action in place of the one attempted to be set up in the original pleadings. Pomeroy's Code Pleadings, see 457; 1 Ency. Pl. & Pr., p. 472; Hepburn, Code Pleadings, 306; Laughlin v. Leigh, 226 Mo. 620. (6) The amended petition changes the cause of action and substitutes a different one for that stated in the original petition. Bricken v. Cross, 163 Mo. 449; Robinson v. Miller, 37 Me. 312; Wyman v. Kilgore, 47 Me. 184; Robbins v. Harris, 96 N. C. 557; Nickerson v. Bradbury, 88 Me. 593; Wolf v. Wolf, 158 Pa. St. 621; In re Wilhelm Appeal, 79 Pa. St. 120; Slater v. Mason, 15 Pick. 345; Cilley v. Railroad, 77 Atl. 776. The only case in this State which gives any support to the amendment allowed in this case is Wright v. Groom, 246· Mo. 158, and while that case was correctly decided upon the facts, it does not militate against our contention in this case. The land sought to be recovered in that case was a narrow strip along the dividing line of sections 15 and 22. A former survey of the land had been made and the de-

scription in plaintiff's original petition followed this survey, locating the land sued for in section 15. During the progress of the case and on the defendant's motion the court appointed other surveyors to resurvey the land, who located the east section corner on the line between the two sections further north than the first survey had located it, thus placing the land sued for in section 22 instead of section 15. The amendment asked and allowed was made to correspond to the last survey. The plaintiff's title was by limitation. The land was the same. ''In other words (says the court in that case) the actual land, the real thing, the subject-matter of the suit, was the same under each petition, so the ouster complained of was the same and for aught appearing here the muniments of title would be the same.'' Thus we have in that case the identity of the subject-matter of the original petition carried into and made the subject-matter of the amended petition and necessarily, the subject-matter being the same in both the original and amended petitions, the same evidence, the same measure of damages or recovery and all the other tests by which the right to amend are judged will give authority for the amendment in that case. But while that case was correctly decided upon the facts as stated by the court the opinion goes further than was necessary and asserts the proposition that an amendment changing the subject-matter of the suit substituting another and different tract of land for the tract originally sued for, was allowable. We submit that our statute is not broad enough to support this proposition. Amendments are not allowed which change substantially the claim or defense. Sec. 1848, R. S. 1909.

*R. H. Norton* and *Avery, Young & Killam* for respondent.

The only question at issue between the parties is as to the right of the lower court to permit the plain-

tiff to amend his petition by substituting section 28 for section 27. The authorities fully justified the lower court in permitting the amendment and hearing the cause and rendering judgment on the amended petition. Callaghan v. McMahan, 33 Mo. 111; Sage v. Tucker, 51 Mo. App. 336; Timber & Iron Co. v. Cooperage Co., 112 Mo. 383; Cooper v. Granberry, 33 Miss. 117; Heilbron v. Heinlen, 72 Cal. 376; Gillman v. Cate, 56 N. H. 160; Leeds v. Lockwood, 84 Pa. St. 70; Blanchard v. Dorman, 236 Mo. 443; Wright v. Groom, 246 Mo. 158. The case last cited is on all-fours with the case at bar.

GRAVES, J.—This case involves but a single question of law. Appellant has made a succinct statement of the case in the following taken from the brief:

"The plaintiff commenced this suit in ejectment for the northeast fractional quarter of section 27, township 50, range 2 west, in Lincoln county, September 16, 1908. To this petition defendant filed a general denial, October 12, 1908. At the March term, 1909, the plaintiff filed his amended petition in which he asked recovery of possession of the northeast fractional quarter of section 28, township 50, range 2 west. On the same day, March 22, 1909, that plaintiff's amended petition was filed, the defendant filed his motion to strike out plaintiff's amended petition for the reason that it was the substitution of a new cause of action and not an amendment of the cause of action stated in the original petition, and for various other reasons. This motion was by the court overruled and exceptions taken and preserved and filed at the same terms of court. The plaintiff took no further steps in the case until March term, 1911, and then on the 28th day of March, 1911, took judgment against defendant by default. On March 31, 1911, the defendant filed his motion to vacate and set aside the judgment and in arrest of judg-

ment. These motions were overruled and exceptions taken and filed.

"The question in the case is: Was the second or so-called amended petition an amendment of the original cause of action or the substitution of a new cause of action. There was no waiver or appearance by defendant to the second petition. Can a plaintiff sue for one tract of land and by amendment recover another by default without appearance by defendant?"

That the last expressions of this court are adverse to the contention of the defendant is conceded by his able counsel. He argues the differentiation of those cases in the first place, and lastly that the broad language used is not a correct enunciation of the law. He contends that there is the statement of an entire new cause of action when it is apparent from the two petitions, i. e., the original and the amended, that (1) the subject-matter in dispute is different, (2) that different evidence would be required to support the cases stated in the two respective actions, (3) that the measure of damage would be different, (4) that the recovery under one petition would not be a bar to a recovery under the other, and (5) that the same defense would not apply equally well to both petitions.

<span style="float:left">Changing Cause of Action: Amended Petition.</span>

Generally speaking these are the tests applied in determining whether there has been such a departure as to make the amended petition state a different cause of action. However, what we have said upon the subject has been with reference to our statute upon amendments. Section 1848, Revised Statutes 1909, reads:

"The court may, at any time before final judgment, in furtherance of justice, and on such terms as may be proper, amend any record, pleading, process, entry, return or other proceedings, by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting other allegations material to

the case, or when the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the facts proved.''

If in the record before us the reason of the court for permitting the amendment did not appear, the court would be presumed to have been guided by the statutory rule in permitting the amendment. This statute says the court may amend a pleading at any time before final judgment ''by correcting a mistake in the name of a party, or a *mistake in any other respect.''* In permitting this amended petition to stand it could well be concluded that the trial court was convinced that the section number as stated in the original petition was a mere mistake, and such as often happens in such petitions. A correction of this mistake, if it was shown to the court to have been a mistake, is one which would, in our judgment, fall fairly within the meaning of the clause of the statute with reference to ''a mistake in any other respect.''

But in the case at bar we are not left in the dark as to the reason of the trial court for permitting the amendment. The record *nisi* reads:

''Now at this day come the parties herein by their respective attorneys, and leave is granted plaintiff to file during this day an amended petition correcting error in description, and said amended petition is now filed.''

This amounts to a finding of the court that there was a mistake made in the original petition so far as the description of the land was concerned, and plaintiff was given leave to correct the same. Nor is this a harsh construction of the statute, because if the defendant is placed at any disadvantage by reason of the amendment, such amendment, under the statute, must be granted upon terms. In this case the defendant sought no terms, but stood boldly upon his conception of the law. His boldness may prove his undoing, but

if so, the undoing has been one wrought by his own hands.

This is the view of the statute taken by LAMM, J., in the case of Wright v. Groom, 246 Mo. 158, and is likewise the view previously taken by this court in the other Missouri cases cited by Judge LAMM. Whether the language used by the court in Wright v. Groom, supra, was strictly called for by the facts of that case, is immaterial, if such language announces good doctrine, and we think it does. Under the opinion in that case as well as the other cases therein cited, this judgment should be affirmed. The statute quoted is broad enough to cover just what was done in this case. Let the judgment be affirmed. All concur.