JAMES F. CASHION and AUDREY BELL RAY, Appellants, v. J. W. GARGUS et al.

**Division Two, Febuary 15, 1916.**

1. **ADMISSION: By Pleading.** A litigant cannot challenge a finding of facts by the court which stand admitted by his own pleading.

2. **TIMELY ANSWER: Must Be Shown By Record.** Allegations in a motion for judgment on the pleadings, that defendant failed to file his answer within the time given him by the court, do not prove themselves, but must be established by record entries; and in the absence of any record entries in the abstract tending to show them to be true, the motion cannot be considered on appeal.

3. **AMENDED PETITION: Departure: Description of Land.** An amendment of a petition in a suit for the specific performance of a contract to purchase land by changing the erroneous description of the land to a correct description, made before judgment, by leave of court, is permissible, and is not such a departure as to change the cause of action.

4. ————: ————: ————: **Minors: No New Summons.** And although the defendants are minors, if they have been properly brought into court, a guardian *ad litem* appointed and his acceptance filed, the filing thereafter of an amended petition by which an erroneous description of the land contained in the original petition is corrected, is as binding on them as upon adult defendants, and they have no greater right to an additional summons and service; and a judgment against them without such additional summons is not void or voidable.

Appeal from Dunklin Circuit Court.—*Hon. C. B. Faris,*
Judge.

AFFIRMED.

*Bradley & McKay* for appellants.

(1) The original petition upon which said.judgment was rendered, failed to state any facts sufficient to constitute a cause of action against defendants in that cause: 1st, because the petition, being based upon a verbal contract for the sale of real estate, failed to plead facts which would take it out of the Statute of Frauds, and no proof of facts could be offered which would take it out of the statute without being pleaded; 2nd, because the petition failed to describe the land; and 3rd, because the petition showed on its face that it was barred by laches. Therefore, no valid judgment could be rendered against these minor defendants on said petition. Chambers v. LeCompte, 9 Mo. 575; Wildbahn v. Robidoux, 11 Mo. 659; Walker v. Ray, 111 Ill. 315; Lloyd v. Kirkwood, 112 Ill. 229; Meyer v. Mitchell, 77 Ala. 312; Price v. Bell, 91 Ala. 108; Askeer v. Carr, 81 Ga. 685; Northrob v. Boone, 66 Ill. 368; In re Ferguson, 124 Mo. 574; Anderson v. Scott, 94 Mo. 637. (2) A demurrer ought to have been sustained to the evidence in the original cause of action, because the petition was based upon an oral contract for the sale of real estate and O. B. Harris could not testify, the other party to the alleged contract having been dead and the burden was on plaintiff to establish his case against these minors by proving all the material allegations. Veth v. Gierth, 92 Mo. 97; Foster v. Kimmons, 54 Mo. 488; Taylor v. Williams, 45 Mo. 80; Davis v. Petty, 147 Mo. 374; Gibbs v. Whitwell, 164 Mo. 387; Charpiot v. Sigerson, 25 Mo. 63; Strange v. Crowley, 91 Mo. 287; Taylor v. Von Schrader, 107 Mo. 206; Alex-

ander v. Alexander, 150 Mo. 579; Collins v. Trotter, 81 Mo. 275. (3) The judgment rendered on the 24th of January, 1896, against the minor heirs of James H. Cashion, is not binding because the petition was amended wholly changing the cause of action as alleged in the original petition filed, and the record fails to show any additional service upon the minors after the amendment, and fails to show the answer of the guardian *ad litem* to said amended petition and for that reason the judgment does not bind these plaintiffs. Cauthorn v. Berry, 69 Mo. App. 404; Powell v. Horrell, 92 Mo. App. 406; Liese v. Meyer, 143 Mo. 547; Pruett v. Warren, 71 Mo. App. 84; Grigsby v. Barton County, 169 Mo. 221; Finner v. Nichols, 158 Mo. App. 539; Bick v. Baughn, 140 Mo. App. 595. (4) The guardian *ad litem* must do for the minor what he could do for himself, and when the record fails to show that the guardian *ad litem* has performed his duties, a judgment rendered against minors will not bind them. Reineman v. Larkin, 222 Mo. 156. (5) All of the facts upon which one relies for judgment against an infant, answering by guardian *ad litem*, must be proved. And the guardian *ad litem* cannot omit anything, or waive anything which will sustain the adverse party's case. Collins v. Trotter, 81 Mo. 275; Revely v. Skinner, 33 Mo. 98. (6) The original judgment rendered on the 24th day of January, 1896, is, as to these minors, a default judgment, because the guardian *ad litem*, if any, appointed by the court, could not waive or admit anything, and the petition and judgment, must show jurisdiction in order to make a valid judgment against plaintiffs who were minors at the time the judgment was rendered, and the petition and judgment in that cause failed to show jurisdiction, upon the minor plaintiffs, and the judgment was void in a direct attack. Schneider v. Patton, 175 Mo. 684; Jewett v. Boardman, 181 Mo. 647; Wilson v. Dorrow, 223 Mo. 520.

*T. R. R. Ely* for respondent.

The minors in the original suit for specific performance were duly served with summons to appear at the January term of the Dunklin County Circuit Court and cause was continued to July term, 1894, and at July term, 1894, a guardian *ad litem* was duly appointed, who filed his acceptance and answer. All the statutory requirements were complied with and the court had jurisdiction over said minors. Secs. 1745 and 1748, R. S. 1909. While the guardian could waive nothing or confess nothing for his wards, that did not affect plaintiffs' right to amend after service and the appointment of guardian *ad litem* and filing of his acceptance and answer, and he can then do for the minor what he could do for himself so far as pleading is concerned, and "he can act in regard to his ward's interest, just like an ordinary litigant," except he could not waive or confess anything for them, which he did not do in this case. Collins v. Trotter, 81 Mo. 284. There is nothing in this record to show that the guardian waived anything or admitted anything for his ward, but on the contrary appeared and required strict proof of all the allegations in the petition and the judgment was a valid one. Pevely v. Skinner, 33 Mo. 98; LeBourgeoise v. McNamar, 82 Mo. 189. The court having acquired jurisdiction it had the right to order or permit the pleadings to be amended upon such terms as were just. Sec. 1846, R. S. 1909. And there is no different rule provided by statute where the minor is represented by a guardian *ad litem*.

WILLIAMS, C.—This action was instituted in the circuit court of Dunklin County to set aside the decree rendered in a certain cause in said court on the 24th day of January, 1896, and to reinstate said original cause and to permit the plaintiffs in this case to answer and defend against the same. Trial was had resulting

in a judgment in favor of the defendants, and plaintiffs duly perfected an appeal to this court. The decree which this suit seeks to set aside was a decree entered in a suit for specific performance of a contract to convey real estate. The original decree granted the relief prayed and vested the title to the real estate in the plaintiff in said original suit. The two plaintiffs in the present suit were minor defendants in the original suit. O. B. Harris, one of the defendants in the present suit, was the plaintiff in the original suit. Defendant Gargus in the present suit is the grantee of said Harris. Defendant Hardesty in the present suit is the tenant of said Gargus.

The petition in the present suit was in two counts, the first count seeking the relief above mentioned and the second count being in ejectment. Plaintiffs, in the first count of the petition, allege in substance that the plaintiff in the original suit was not entitled to recover therein, but that they have a good and sufficient defense to his claim for specific performance of a contract to convey said land to him, and further alleged that the day before the case was tried the plaintiff in said original suit was permitted to amend his original petition by changing the description of the land therein mentioned and that the amendment entirely changed the cause of action, and that no additional service was had upon said minor defendants after said amended petition was filed, and that for that reason said original decree was null and void and had no binding force or effect upon said minor defendants (these plaintiffs). The petition further alleged that the original petition showed on its face that the cause of action was barred by laches and failed to allege that any demand for performance had been made by the plaintiff upon the person with whom he contracted for the purchase of said land.

The answer filed in the present suit was a general denial. At the request of the plaintiffs in the present

suit, the trial court made a special finding of law and fact and upon examination we find that the same correctly and tersely states the facts shown by the evidence and necessary to be known for a proper review of the points presented upon this appeal. For that reason we copy this special finding of facts and law, together with the trial court's judgment, which was as follows:

"Come now plaintiffs herein in person and by counsel and the defendants in person and by counsel, and this case is taken up and submitted to the court, and the court proceeds to hear the evidence and to determine the rights of the parties in this case, and after hearing the evidence and a motion having been filed asking separate findings of law and facts, the court finds:

"That at the January term of the Dunklin County Circuit Court, 1894, in a certain case wherein O. B. Harris was plaintiff, and Mollie A. Shelton, formerly Mollie A. Cashion, widow of decedent Cashion, below mentioned, Charles E. Cashion, a minor, James F. Cashion, a minor, and Audrey Bell Cashion, a minor, heirs of James F. Cashion, were defendants, a certain bill in equity, the general nature of which was for specific performance of a contract to convey real estate and to divest title to the northwest quarter of the northwest quarter of section twenty-five, township eighteen north, of range nine east, in Dunklin County, Missouri, out of the defendants and to vest same in the plaintiff, came on to be heard, plaintiff alleging, among other things in his petition, that James F. Cashion, deceased, father of the minor defendants and former husband of said Mollie A. Shelton, had sold the land in dispute to O. B. Harris, during his (decedent's) lifetime, and had placed him, said Harris, in possession of said premises, and that full payment for said land had been made by said Harris, but that the said James F. Cashion de-

parted this life in April, 1901, without making the said
O. B. Harris a deed for said land.

"The court further finds that the defendants were
properly summoned into court; that Hon. W. S. C.
Walker was appointed guardian *ad litem* for all the
minors, and that he filed his acceptance and answer
in said cause; that the original petition misdescribed
the land in question as the southeast frl. quarter of
section thirty-four, township eighteen, range nine,
Dunklin County, Missouri. That afterwards and prior
to the submission of said cause and prior to the rendi-
tion of judgment thereon, the plaintiff, by leave of
court, amended his petition correctly describing the
lands in question as the northwest quarter of the north-
west quarter of section twenty-five, township eighteen,
range nine, Dunklin County, Missouri. The court
further finds that the defendants were duly summoned
into court and duly represented by W. S. C. Walker
as guardian *ad litem*, that a judgment was regularly
rendered at the January term of the Dunklin County
Circuit Court, 1896, in said cause, which said judgment
is as follows:

" 'O. B. Harris, Plaintiff, vs. Mollie A. Shelton et
al., Defendants—No. 904.

" ' 'Comes now O. B. Harris, plaintiff, in person as
well as by attorney, and Mollie A. Shelton, widow of
Jas. M. Cashion, deceased, Chas. E. Cashion, Jas. F.
Cashion and Audrey Bell Cashion, minors, by attorney
and guardian *ad litem* and this case is taken up for
trial and the court proceeds to hear, try and determine
the rights of this suit, and after hearing the evidence
doth find that prior to the death of said Jas. M. Cashion,
the plaintiff, O. B. Harris, did purchase and pay for
the northwest quarter of the northwest quarter of
section twenty-five, township eighteen north, of range
nine, and the court further finds from the evidence
that for and in consideration of the said sum of three
hundred and forty dollars, which amount said plaintiff

was to pay .and did pay for thé lands as herein described, the said Jas. M. Cashion was to make to the said O. B. Harris, plaintiff herein, a good and sufficient deed, and the court further finds from the evidence that the said Jas. M. Cashion did put the plaintiff, the said O. B. Harris, in possession of the land as herein described, but failed to make, execute and deliver to the said plaintiff the deed which the said Jas. M. Cashion promised to make, execute and deliver; therefore it is ordered and adjudged by the court that the rights, benefits and title in and to the land herein described, as against the party defendants or their assigns, are hereby decreed in plaintiff and that he have of and recover from the defendants. his costs in this behalf expended.'

"The court further finds that in the obtaining of the judgment by plaintiff in said former action against the plaintiffs herein, there was no fraud or collusion, nor is any charged by the petition. The action is bottomed upon the alleged lack of jurisdiction in the Dunklin County Circuit Court to permit said amendment of the description of the said land involved.

"The court further finds that, prior to the death of plaintiffs' ancestor, James F. Cashion, and to-wit, about the month of January, 1889, said Harris entered into possession of the lands in controversy, and that said Harris or the defendant and his *mesne* grantors, who claim title to the land under the sale to said Harris and under the decree set out above herein, has been in possession of said land since about January, 1889, continuously, and that defendant is now in possession of the same.

"From the above facts, the court concludes, as a matter of law, that in the absence of fraud, or collusion (which neither is pleaded or relied upon) and. in the absence of irregularities in summons or judgment or other jurisdictional fact, the mere fact that after infant defendants were duly in court, and being

there represented by a duly appointed guardian *ad litem*, the court permitted an amendment to be made changing the description of the land touching which specific performance to convey was sought by the action, will not render the judgment void as to such infants, and that the same is valid and binding, and that the judgment and finding of the court should be for the defendants, upon both counts of the petition.

"It is therefore ordered, considered and adjudged by the court that plaintiffs take nothing by their suit, that defendants go hence without day; that the costs in this case be adjudged against the plaintiffs, and that execution may issue therefor."

## OPINION.

I. Appellants contend that there was no evidence to justify the court in finding the fact to be that the defendant minors in the original suit were properly summoned into court or that W. S. C. Walker was appointed guardian *ad litem* for all of said minors and filed his acceptance and answer in said cause.

**Admission in Pleading.**

Concerning this point, it is sufficient to say that appellants' petition alleged that said minors "were duly served to appear" in the original suit and that the court in said cause duly "appointed Hon. W. S. C. Walker as guardian *ad litem* for said minors" and that said W. S. C. Walker "filed his acceptance as guardian *ad litem*" and appeared in said cause and was by the court granted leave to plead on or before the first day of the next term of said court. Appellant should not be heard to challenge the court's finding of facts which stand admitted by their own pleading. Furthermore, the decree in the original suit recites that said minors, naming them, did appear by their guardian *ad litem*, upon the trial and at the hearing of the evidence in said cause.

II. It is further contended that the court erred in overruling their motion for judgment upon the pleadings. This motion was filed January 16, 1912.

The motion as set forth in the bill of exceptions alleges that the defendants failed to file their answer within the time given them by the court and that up to the time of filing the motion no answer had been filed. We are unable to discuss this point, for the reason that there are no record entries set forth in the abstract upon which the facts alleged in the motion can be founded. The only record entry which, in any manner, has to do with the matters alleged in the motion is the record entry showing that defendants did file their answer on the 17th day of October, 1910, which was long before the motion was filed. The allegations in the motion do not prove the existence of the facts therein alleged, but such allegations in order to furnish a ground for review here, should have been supported by a proper showing, at the proper place, elsewhere in the record.

**Failure to File Answer.**

III. It is further contended that the decree rendered against said minors in the original suit, January 24, 1896, was not binding upon said minors, because the petition was so amended as to wholly change the cause of action alleged in the original petition, and that after the petition was so amended there was no additional service of summons upon said minors.

**Amending Pleading: Departure.**

The amendment, to which reference is here made, consisted of correcting an error in the description of the land involved. The land was described erroneously in the first petition, and the plaintiff, by leave of court, made an amendment by changing the erroneous description to a correct description. This was not such an amendment as changed the cause of action and the amendment was properly permitted to be made. [Sec. 1848, R. S. 1909; Callaghan v. M'Mahan, 33 Mo. 111;

Blanchard v. Dorman, 236 Mo. 416, l. c. 443; Wright v. Groom, 246 Mo. 158, and cases therein cited.] The statute on amendments does not make any exception prohibiting amendments in pleadings where minors are. parties to the suit and we are not aware of any reason calling for a distinction in that regard. If the court has acquired jurisdiction over the person of the minors, as was true in the case under discussion, any amendment, not a departure from the cause of action originally stated, should be permitted, the same as if all the parties were of legal age.

The amendment made being entirely permissible and not such as to amount to a departure from the cause of action originally stated, it was unnecessary that there should have been further service of summons upon the minor defendants. They had been duly served with summons, a guardian *ad litem* had been duly appointed and he had filed his written acceptance of his appointment and appeared in the case. The court was thereby given jurisdiction of the persons of said minors, and the judgment thereinafter rendered was binding upon them. The evidence fully supported the judgment of the trial court and it should be affirmed. It is so ordered. *Roy, C.,* concurs.

PER CURIAM.—The foregoing opinion by WILLIAMS, C., is adopted as the opinion of the court. All the judges concur, except *Faris, J.,* not sitting.