Eleanor Wiegers POWELL (Plaintiff), Respondent,

v.

Louis FINK, doing business as Active Used Furniture Company (Defendant), Appellant.

No. 29831.

St. Louis Court of Appeals.

Missouri.

Dec. 3, 1957.

Arthur Kreisman, St. Louis, for appellant.

Rader, Love & Falzone, Clayton, for re-spondent.

ANDERSON, Judge.

This is an action in replevin. Suit was originally filed in the Magistrate Court. The petition was conventional in form and sought recovery of certain specific personal property. Among the items listed was "one Meister spinet piano." There was a finding and judgment in the Magistrate Court in favor of the defendant. Plaintiff appealed to the Circuit Court of the City of St. Louis. In the Circuit Court plaintiff abandoned her claim as to all items except the piano.

During the trial in the Circuit Court it developed that the piano in question was a "Story and Clark spinet" instead of a "Meister spinet", as described in the petition; whereupon, plaintiff asked leave to amend her petition by substituting the words "Story and Clark" for the word "Meister". Defendant objected to this amendment on the ground that it was a substitution of an entirely new and different cause of action. The objection was overruled and the amendment allowed.

The trial resulted in a verdict for plaintiff and a finding that she was entitled to the possession of the personal property described in the petition, to wit, a Story and Clark spinet piano. The property was found to be of the reasonable value of $550. Judgment was entered on this verdict and defendant appealed.

Appellant's first point is that the court erred in permitting the amendment for the reason that it was a complete change of the cause of action originally pleaded and contrary to Section 512.300. (All statutory references are to RSMo 1949, V.A.M.S.)

Section 512.300 provides, among other things, that in all cases the statement of plaintiff's cause of action may be amended upon appeal in the appellate court to supply any deficiency or omission when by such amendment substantial justice will be promoted. It is then provided that: "no new item or cause of action not embraced or intended to be included in the original account or statement shall be added by such amendment."

■ We find no merit in the point raised. The amendment did not state a new cause of action. The original petition sought recovery of a piano which was alleged wrongfully detained by the defendant. By the amendment, plaintiff did not seek recovery of a different piano, but merely to correct a mistake in its description. The law applicable is stated in Blanchard v. Dorman, 236 Mo. 416, 443, 139 S.W. 395, 402, as follows:

"One of the most common grounds for amendment to a pleading is to correct a mistake in the description of the subject-matter of the litigation, and such mistakes occur nowhere more frequently than in the technical description of lands. This question came before this court at an early day in Callaghan v. McMahan, 33 Mo. 111, in which it was decided that the plaintiff might, after the evidence was closed and the cause submitted, but before the entry of final judgment, change the description of one of the two tracts of land against which he was attempting to enforce a resulting trust, so as to make it cover a different tract from that included in the first description."

In the above case it was held that there was no departure from the original cause of action where the amendment described the land as located in a different range from that specified in the original petition. It would seem to us that the same principle should obtain in suits over the possession of personal property.

The court did not err in permitting the amendment.

■ Since the amendment was proper, the court did not err in refusing to give defendant's Instruction A, which, in effect,

directed a verdict for defendant unless plaintiff proved that defendant had in his possession a "Meister" spinet piano or wrongfully detained the same at the time the suit was filed.

The judgment is affirmed.

RUDDY, P. J., and MATTHES, J., concur.