WILLIAM A. MONTAGUE, Appellant, v. MISSOURI & KANSAS INTERURBAN RAILWAY COMPANY et al.

Division Two, July 19, 1921.

1. **PLEADING: Departure: Negligence: Cause Under Kansas Statutes.** A petition which states the ultimate fact of a cause of action for negligent personal injuries under Sections 4218 and 4219, Revised Statutes of Missouri of 1919, also states a cause of action under Sections 7323, 7324 and 11829 of the Kansas statutes; and where the petition states a cause of action under these Missouri statutes, an amended petition in which these Kansas statutes are pleaded for the purpose of showing that under them plaintiff had a right to sue, and that they create a cause of action for negligence committed in Kansas, is not a departure. The ultimate fact of negligence being alleged in both petitions, the character of proof required, the measure of damages and the judgment to be rendered upon a finding for plaintiff are the same.

2. ———: ———: **Explanatory Amendments.** A petition which states a cause of action, but states it imperfectly, may be amended so as to cure the defect. The addition by way of an amended petition of allegations which maintain, explain, fortify and strengthen the cause of action stated in the original petition, does not constitute a departure. Whether a change from law to law is a change of the cause of action depends on whether the facts essential to constitute a cause of action are the same or different in the two pleadings, rather than whether the pleader intended the one law or the other to apply. Where the original petition states the facts essential to a cause of action for damages based on unpleaded Missouri statutes, for negligent personal injuries inflicted in Kansas, an amended petition, containing the same essential allegations, to which are added others showing plaintiff's right to sue and that the same facts constitute negligence under the statutes of Kansas, which are for the first time pleaded as an amendment, is not a departure.

3. ———: ———: **Amendments Liberally Allowed.** Under the Missouri statute (Sec. 1274, R. S. 1919), amplifying and liberalizing the right to amend pleadings, and limiting the right only by the sound judicial discretion of the court applicable to the facts of each particular case, the proper rule is to allow amendments and

the exception to refuse them, and not to refuse them unless the opposite party will be injured by the amendment; and where the amended petition does not require a different character of evidence from that necessary to support the original petition, the measure of damages and the identity of the subject-matter are the same in both, and a judgment rendered upon either will constitute a complete bar to an action on the other, the amendment should be allowed, and not held to be a departure.

4. ———: ———: **Amendment Required by Answer.** Where an amended petition is made necessary by an issue tendered in defendant's answer, filed by leave of court upon the eve of the trial, defendant is in no position to complain of an amendment which controverts or avoids the new matter set up by way of defense.

Appeal from Jackson Circuit Court.—*Hon. O. A. Lucas, Judge.*

REVERSED AND REMANDED (*with directions*).

*Kelly, Buchholz, Kimbrell & O'Donnell* and *Lyon & Lyon* for appellant.

(1)   The court erred in sustaining defendant's motion to strike out for the reason that the petition, as amended by interlineation, did not operate to change the plaintiff's cause of action and did not constitute a departure.   Hanson v. Springfield Traction Co., 226 S. W. (Mo.) 1; Madden v. Mo. Pac. Ry. Co., 192 S. W. 455; Lee v. Mo. Pac. Ry. Co., 195 Mo. 400, 415; L. & N. Railway v. Pointers, 69 S. W. 1108; Texas & N. O. Railway v. Gross, 128 S. W. 1173; Railroad v. Foster, 78 Tenn. 351; De Valle Da Costa v. Southern Pac. Co., 176 Fed. 843; Lustig v. Railway, 65 Hun, 547, 20 N. Y. Supp. 477; Cunningham v. Patterson, 89 Kan. 684; Texas & N. O. Railroad v. Miller, 221 U. S. 408, 417; Neubeck v. Lynch, 37 App. D. C. 576; Robinson v. Railway, 133 Pac. 537; Shroeder v. Edwards, 205 S. W. (Mo.) 47; Martin v. Cotton Oil Co., 194 Mo. App. 106; Breslauer v. Barwick, 36 L. T. 52.   (2)   The court erred in striking out and sustaining defendant's motion

to strike out plaintiff's petition for the reason that by doing so the court has prevented any recovery by the plaintiff, for the reason that the Missouri statute (Sec. 1324, R. S. 1919) prevents the maintenance of a new action against defendants, as a new action based on the Kansas statutes is barred by the Statute of Limitations of both states. Bowen v. Buckner, 171 Mo. App. 384; Lottman v. Barnett, 62 Mo. 170; Lilly v. Tobbein, 103 Mo. 490; Courtney v. Blackwell, 150 Mo. 271. (3) Even had there been a departure, it was a departure made necessary by the allegation of the defendant in its amended answer, and it cannot be heard to urge that an amendment to a pleading, which its act and that of the court made necessary, should be stricken out. Lemon v. Chanslor, 68 Mo. 340; Oakley v. Richards, 204 S. W. (Mo.) 505; Sonnefeld v. Rosenthal, 247 Mo. 238; Frederickson v. Renard, 247 U. S. 207; Irwin v. Childs, 28 Mo. 578; Laughlin v. Leigh, 226 Mo. 620; Little River D. D. v. Railway, 236 Mo. 94. (4) The court erred in assuming jurisdiction to strike out the plaintiff's petition as amended by interlineation, after said amendment had been made pursuant to leave granted by the court while the order granting the leave to amend was not revoked. Critchfield v. Linville, 140 Mo. 191; Broyles v. Eversmeyer, 262 Mo. 384.

*Reed & Harvey* for respondent.

(1) The court properly sustained defendants' motion to strike out the amended petition as a departure, and, plaintiff declining to plead further, in dismissing the petition, for the following reasons: The Missouri and Kansas statutes do not vest a cause of action for wrongful death in the same person. The Missouri statute vests the right of recovery absolutely in the husband; the Kansas statute does not vest a right of action in the husband at all. Sec. 4217, R. S. 1919; Sections 7323 and 7324, General Statutes of Kansas; Rail-

way Co. v. Ryan, 62 Kan. 682; Shawnee v. Motesen-
bacher, 138 Pac. (Okla.) 790; Jeffries v. Farmers'
Union, 103 Kan. 782; Jones v. Railway Co., 178 Mo. 541.
(2)   So absolutely different is the Kansas statute from
the Missouri statute that the courts of Kansas will
not enforce the Missouri act.   Mathewson v. Ry. Co.,
61 Kan. 667; Metrokas v. Ry., 137 Pac. (Kan.)   953.
(3)   So absolutely different is the Kansas statute from
the Missouri statute that under the former a plaintiff
may not settle his case.   Jeffries v. Farmers' Union,
103 Kan. 787, 176 Pac. 631.·   (4)   The same evidence
does not support both petitions, nor is the measure of
damages the same.   Liese v. Meyer, 143 Mo. 555; Cytron
v. Transit Co., 205 Mo. 703; Grigsby v. Barton, 169
Mo. 225; Scoville v.. Glasner, 79 Mo. 449; Vaughan v.
Ry., 65 Kan. 685. (5)   The Kansas statute is a repro-
duction of Lord Campbell's Act; the Missouri statute
is not.   Crumpley v. Railroad, 98 Mo. 34; King v. Ry.
Co., 98 Mo. 235.

WALKER, J.—This is an action brought in the
Circuit Court of Jackson County, for damages for the
death of plaintiff's wife, by reason of the alleged negli-
gence of the defendants.   The latter, in addition to the
Railway Company, are E. K. Brown and Charles F.
Dinklage, doing business as the Automobile Livery
Company.   The substantial allegations of the plaintiff's
petition are that the defendant Railway Company was,
at the time of the accident which resulted in the death of
plaintiff's wife, operating a line of interurban railway,
between Kansas City, Missouri, and Olathe, Kansas;
that the individual defendants were at the time operating
an automobile line for the carrying of passengers for
hire, between Rosedale, Kansas, and Kansas City,
Missouri; that plaintiff's wife at the time of the accident
was a passenger on one of said automobiles for the pur-
pose of being carried from the Elm Ridge Golf Club, in
Kansas, to her home in Kansas City, Missouri; that the

individual defendants, thus operating said automobile line, engaged and undertook to carry plaintiff's wife as a passenger from said golf club to her home; that while said automoblie in which plaintiff's wife was at the time being carried was moving eastwardly at a point in said city of Rosedale, and was approaching a point on 43rd Street, in said city, where the tracks of the defendant Railway Company crossed said street, an employee of the individual defendants so negligently and carelessly operated said automobile that it collided with one of the railway defendant's cars, then and there being operated by employees of said Railway Company; that as a result of said collision, plaintiff's wife was thrown violently to the ground and her skull crushed, from which injury she died; that her death was caused by the negligence of the defendant Railway Company and the individual defendants, acting through their servants, agents and employees; that the motorman in charge of the street car of the defendant Railway Company was negligent, in that he failed and omitted to give any warning while approaching 43rd Street, or while crossing the same; that he was, at the time, negligently and carelessly operating said street car at a high, reckless and dangerous rate of speed. That an ordinance of the city of Rosedale prohibited said defendant railway company from operating its cars at a point where plaintiff's wife received her injuries, at a greater rate of speed than fifteen miles per hour.

Other allegations of the negligence of said motorman are, that he failed to keep said street car under reasonable control so as to avoid a collision with vehicles that might be passing along 43rd Street and across the tracks of said street car line; that by the exercise of reasonable care he could have seen said automobile approaching the point where said street car tracks crossed said street and could have stopped said car or slackened its speed in time to have avoided a collision with said automobile; that by the exercise of ordinary

care, said motorman realized or could have realized that, if he did not stop or slacken the speed of said car, said collision would occur; and that he failed and neglected so to do.

Actual damages for $10,000 are asked against the defendants.

On the day the case was set for trial, the defendant Railway Company, having theretofore filed as its answer a general denial and a plea of contributory negligence, filed by leave of court an amended answer, alleging that the accident which resulted in the death of plaintiff's wife occurred in the State of Kansas, and that there was at the time no statute in force in that State similar to the Missouri statute under which the plaintiff brought his suit, and that he had, therefore, no right of action under the laws of this State. In this amended answer the plea of contributory negligence was abandoned, and the allegation concerning the Kansas statute substituted. On the same day the plaintiff, by leave of court, filed an amended petition, which was the same as the original, except that it was alleged therein that certain statutes, to-wit, Sections 7323 and 7324 and Section 11829, were in force in the State of Kansas at the time of the accident, as follows:

"Section 7323. When the death of one is caused by the wrongful act or omission of another, the personal representatives of the former may maintain an action therefor against the latter, if the former might have maintained an action had he lived, against the latter for an injury for the same act or omission. The action must be commenced within two years. The damages cannot exceed ten thousand dollars, and must inure to the exclusive benefit of the widow and children, if any, or next of kin, to be distributed in the same manner as personal property of the deceased.

"Section 7324. That in all cases where the residence of the party whose death has been or hereafter shall be caused as set forth in the next preceding section, is or

has been at the time of his death in any other state or territory, or when, being a resident of this State, no personal representative ·is or has been appointed, the action provided in said action may be brought by the widow, or where there is no widow, by the next of kin of such deceased.

"Section 11829. The common law as modified by the constitutional and statutory law, judicial decisions and the conditions and wants of the people, shall remain in force in aid of the general statutes of this State; but the rule of the common law, that statutes in derogation thereof shall be strictly construed, shall not be applicable to any general statute in this State, but such statutes shall be liberally construed to promote their object."

"That said plaintiff and his intestate were residents of the State of Missouri on the 16th day of August, 1914, and that no personal representative of deceased was appointed in the State of Kansas, or elsewhere, and that the plaintiff was the husband and next of kin of said deceased."

Thereupon, the defendant Railway Company moved to strike out the amended petition, alleging that it constituted a departure from the original cause of action. This motion was sustained. Plaintiff refused to plead further. There was a judgment for the defendants and after the formal procedure necessary thereto, the case was appealed by the plaintiff to this court.

I. The gist of this action is for a breach of duty on the part of the defendants. The original petition shows that the collision which resulted in the death of plaintiff's wife occurred in the State of Kansas. The duty or obligation created by law and arising under the facts which the defendants owed to the decedent to avoid causing her death is alleged in conventional form, as well as the breach of that duty by defendants characterized as negligence, with its resultant effect. This is followed by a prayer for damages, as authorized by the statutes. This breach

Departure: Like Statutes.

constitutes the ultimate fact upon which the action is based and is of primary importance, while the evidentiary facts are of secondary importance.

A comparison will demonstrate that the amended petition is in no wise different from the original, except that it pleads the statutes of Kansas, defining the conditions under which a personal representative of a decedent may maintain an action for the death of the latter; the maxium amount of damages that may be recovered therefor; to whom they shall inure; and that the widow of a decedent may sue where no personal representative has been appointed; declaring the extent to which the common law is in force in Kansas and that the plaintiff and the decedent were residents of the State of Missouri at the time of the accident, which resulted in her death. The allegations, therefore, as to the ultimate fact, or the cause of the death, are the same in both petitions.

The ground of the defendant's objection to the amended petition on which the circuit court based its ruling, striking out the same, must, therefore, find its support in the Kansas statute incorporated therein. Preliminary to the determination of this fact, the correctness of the general rule where applicable, may be conceded, that where a suit is brought under the statute of one state an amendment to the petition based on the statute of another state will be construed to constitute a statement of a new and different cause of action. [Bolton v. Ga. Pac. Ry. Co., 83 Ga. 659; Boston & Me. Ry. Co. v. Hurd, 108 Fed. 116.]

The rule thus announced is to be construed subject to the qualification that a well defined change in the cause of action pleaded by the amendment, from that originally brought, must appear as in any other case. For example, the rule as applied in the Bolton case, supra, is made dependent upon the fact that the amendment changed an action founded on a common law right, to one based on a statute. A like fact sustains the application of the rule in the Boston & Maine case, supra;

these cases sufficiently illustrate the application of the rule as applied to an amendment pleading another statute than that on which the action was originally based; from them it appears, as it does in other cases where the facts are similar, that it is not the fact that the amendment pleads another statute than that on which the action was brought, which renders the rule applicable, but that another and a different cause of action is thereby set up. It is not whether a change from law to law changes the cause of action, but whether the facts essential to constitute the cause of action are the same or different in the two pleadings.

As determinative of the effect of the incorporation in the amended petition of the Kansas statutes, it is necessary to consider the nature of the original action. Measured by its allegations from which we must determine the object and purpose of the pleader, and hence the character of the proceeding, we find that the right of the plaintiff to sue is found in Section 4219, Revised Statutes 1919, and that the liability of the defendants is defined in Section 4218, Revised Statutes 1919. The formal allegations of the petition as to the duty owing by defendants to the decedent; the breach of such duty; and that such breach caused by the death of the decedent; and the nature and amount of the damages prayed for indicate, in the language employed, that the action was based on said Sections 4218 and 4219, rather than upon Section 4217, Revised Statutes 1919. A comparison of the subject-matter of these statutes, with that of the Kansas statutes pleaded in the amended petition, discloses no material difference between them.

The subject-matter and purpose of the two statutes being the same, if the original petition stated a cause of action under the Missouri statutes, it likewise, although imperfectly, stated a cause of action under the Kansas statutes. This is true, because it is evident from the comparison of these two petitions that the character of the proof required; the measure of the

damages; and the judgment authorized to be rendered upon a finding for the plaintiff, are the same in both cases. Under such circumstances, the basis for the contention that such a departure, due to an alleged dissimilarity in the statutes, was created by the amendment as to change the cause of action, is of exceeding tenuity.

II. There is no dearth of authority to sustain the conclusion that a petition which states a cause of action imperfectly, may be amended so as to cure the defect without running counter to the rule forbidding a departure. In Cravens v. Gillilan, 73 Mo. l. c. 528, SHERWOOD, J., speaking for the court in a quotation from Chitty's Pleading, that storehouse of legal learning on the subject, said: "Matter which maintains, explains and fortifies the declaration or plea, is not a departure." Later, in Hoover v. Railroad, 16 S. W. (Mo.) l. c. 482, the same judge tersely said that "matter which maintains a pleading is not a departure therefrom."

In Schroeder v. Edwards, 205 S. W. (Mo.) 47, it was held that an amended petition of judgment creditors of an Illinois corporation against former stockholders against whom creditors had recovered judgments, by confession before the clerk of an Illinois circuit court, did not state a different cause of action from a petition alleging judgment to have been recovered in the circuit court.

Here and elsewhere, as the cases attest, the rule obtains that there is no departure where the matter subsequently alleged, fortifies or strengthens the position in the original pleading. This may be done by restating the cause more fully or in a more specific manner. [7 Stan. Cyc. Proc., page 214.] An action brought in one state, in which the cause of action accrued in another, under statutes similar to our own (Secs. 1162 and 1163, R. S. 1919) may be amended where the cause of action has been imperfectly pleaded,

without causing a departure. In Martin v. Cotton Oil Company, 194 Mo. App. 106, l. c. 117, the question here involved is discussed at some length, and among other things the court said: "The question of whether a change from law to law is or is not a change of the cause of action depends at times on the question of whether the facts essential to constitute the cause of action are the same or different in the two pleadings, rather than whether the pleader intended the one law or the other law to apply."

In Madden v. Railroad, 192 S. W. (Mo.) 455, where it appeared that the injury occurred in the State of Kansas and none of the allegations of the petition referred to the existence of a Kansas statute, the court clearly indicates, without directly ruling thereon, that where the answer of the defendant alleged by proper pleading, the terms of the Kansas statute bearing on the right of the plaintiff to recover, upon the facts stated in his petition, that the proper course of the plaintiff, instead of replying by a general denial and proceeding to trial, was to amend his petition so as to set forth the statute of Kansas creating the cause of action upon which he sought to recover.

In Hanson v. Springfield Traction Co., 226 S. W. (Mo.) 1, this court in effect holds that an amendment of a petition pleading the violation of a city ordinance was proper and that the trial court erred in striking the same out. In reversing and remanding the case, GOODE, J., speaking for the court, at page 3, said: "The new ground of recovery set up on the amended petition based on violations of the city ordinances did not constitute a departure or the substitution of a new cause of action. What is relied on in support of the contention that it did, is that other evidence, to-wit, proof of the city ordinances, would be required to establish it that was not needed to establish a case under the first petition. That a new cause of action is substituted by an amendment, unless the same evidence will support it that would

have supported the original cause of action, must mean
that the same evidence will establish the event or trans-
action declared on as the cause of action in the original
petition and in the amended one—will show the two
pleadings are based on the same occurrence. It cannot
mean that every detail and every item of the evidence
must be exactly the same, or otherwise, the right of
amendment would be of little use. [Walker v. Rail-
road, 193 Mo. 453, 477 et seq., 92 S. W. 83; Clothing
Co. v. Railway Co., 71 Mo. App. 241; Stewart & Jackson
v. Van Horne, 91 Mo. App. 647.]''

In Cunningham v. Patterson, 89 Kansas, l. c. 689, the
court in ruling upon this question said: ''The existence
and contents of the statute of another state are always
capable of exact ascertainment and proof. With respect
to a matter of this character the same definiteness of
pleading ought not to be required as in the case of the
disputable facts—the statement of the special circumstan-
ces upon which an action is founded. Anything should be
regarded as sufficient which advises the defendant of the
nature of the plaintiff's claim. The bringing of the action
amounts to an allegation that the statute of the place of
injury authorizes a recovery, since it asserts a liability
which could not otherwise exist. Here the original peti-
tion contained an allusion to the Missouri statute, for it
expressly alleged that the death took place within six
months prior to the commencement of the action, a state-
ment having no possible relevancy under the Kansas act,
but pertinent to that of Missouri, which limits to that
period the widow's right to sue. The defendants were
necessarily advised that the plaintiff sought a recovery
under the laws of Missouri. They could not possibly
have been misled by the failure to set out the statute.
The amended petition did not state a new cause of action.
It merely amplified and corrected the statement of facts
constituting the only cause of action the plaintiff had or
professed to have.''

In Louisville Railroad v. Pointer's Admr., 113 Ky.
952, a petition was filed in a Kentucky Court in an action

for damages for the death of plaintiff's intestate. An amended petition was subsequently filed, setting out sections of the code of Virginia, allowing a recovery by a personal representative of one whose injuries had resulted in death and providing for the apportioning of damages. The Court of Appeals of that State held that the amendment was germane in that it supplied a lacking element of the original cause of action otherwise sufficiently pleaded.

In Tex. & Nor. Railroad Co. v. Gross, 128 S. W. (Tex. Civ. App.) 1173, the original petition by the parents of the deceased, in an action to recover for his death occurring in another jurisdiction, the State of Louisiana, alleged as damages the pecuniary loss sustained by them from the son's death and also the damages which deceased himself had suffered, as surviving to plaintiffs, both under these statutes of the state where the cause of action accrued, and the statutes of the forum. In an amended petition the latter claim for damages was abandoned, and plaintiffs alleged that by the statute law of the State where the cause of action accrued they were given a right of action against defendants for the damages sustained by them, by the death of their son, caused by defendant's negligence, which statute is similar to that of the forum, giving parents a right of action for the death of their son, as a result of negligence; *held,* that the amendment was properly allowed and did not set up a new cause of action.

In Nashville Ry. Co. v. Foster, 78 Tenn. 351, the personal representative of a deceased brought suit in Tennessee against a railroad company for killing his intestate; there was a trial and verdict for plaintiff; a new trial was granted, it having been developed that the killing took place in Alabama. An amended declaration was then filed averring the venue in Alabama and pleading the statute of that state. Defendant pleaded to the amended declaration, the Statute of Limitations of one year; it was held that the amendment neither changed the cause of action nor the parties to the suit, nor did

it deprive the defendant of any defenses which he had to the original suit, and that the amendment related to the issuance of the original summons and was issued one year after the killing.

In Walsh v. Walsh, 68 So. (La.) 392, a non-resident married woman was sued by attachment on a note executed by herself and her husband in Dublin, Ireland. The petition disclosed on its face that plaintiff's cause of action arose under and must be determined by the laws of Ireland; it was held that the trial court properly allowed plaintiff to amend during the trial so as to allege that the defendant was bound on the note, under the laws of Ireland; and that the trial judge erred in dismissing the amended petition.

In Lammers v. Chicago Gr. West. Railroad Co., 175 N. W. 311, in an original petition to recover for personal injuries, an amendment pleading the Employer's Liability Act, made more than two years after the accrual of the cause of action, was held to relate back to the original petition and did not constitute a departure.

In Jorgensen v. Grand Rap. Ry. Co., 189 Mich. 537, the original petition contained no allegation that the defendant was engaged in interstate commerce, but on the contrary pleaded a cause of action under the Michigan Employer's Liability Act. By an amendment filed more than two years after the cause of action arose, plaintiff alleged that the defendant owned and was at the time the injury was received, operating a railway system extending through the States of Michigan and Indiana. The court held that this amendment related back to the original petition and did not state a new cause of action.

In Robinson v. Railway Co., 90 Kan. 426, a plaintiff by leave of court filed an amended petition reciting therein substantially the same facts as in her original petition, and added allegations as to the non-residence of the deceased and the authority to bring the

action under the laws of another state. It was contended that no cause of action was stated in the original petition, because the plaintiff therein did not sue as the personal representative of the deceased, and it did not appear that she had the right to bring the action in her own name until the non-residence of the deceased at the time of the accident and the laws of the State of Colorado were pleaded in the amended petition. The trial court overruled this contention and held that the amendment was proper and did not constitute a new cause of action. This ruling was upheld by the Supreme Court.

In Stewart v. B. & O. R. R. Co., 168 U. S. 445, it was held: "An action may be maintained in the District of Columbia to recover damages for a death caused by negligence in Maryland, since in both jurisdictions the statutes have removed the common-law obstacle to such a suit, and permitted a recovery for the benefit of the near relatives of the deceased. The fact that in Maryland the action must be brought in the name of the State, while in the District it is brought in the name of the personal representative, or the fact that the Maryland statute names as beneficiaries the wife, husband, parent, and child of the deceased, while the District statute provides for a distribution of a recovery according to the statute of distribution, does not show such an inconsistency between the two statutes as would prevent the maintenance of the suit."

In Seaboard Air Line Ry. Co. v. Renn, 241 U. S. l. c. 292, in ruling upon the propriety of an amendment to a petition similar in its material features to that at bar, the Court said: "The original complaint was exceedingly brief and did not sufficiently allege that at the time of the injury the defendant was engaged and the plaintiff employed in interstate commerce. . . . The defendant's objection was that the original complaint did not state a cause of action under the act of Congress, that with the amendment the com-

plaint would state a new cause of action under that act, and that, as more than two years had elapsed since the right of action accrued, the amendment could not be made the medium of introducing this new cause of action consistently with the provision in Section 6 that 'no action shall be maintained under this act unless commenced within two years from the day the cause of action accrued.' Whether in what was done this restriction was in effect disregarded is a Federal question and subject to re-examination here, however much the allowance of the amendment otherwise might have rested in discretion or been a matter of local procedure. . . . If the amendment merely expanded or amplified what was alleged in support of the cause of action already asserted, it related back to the commencement of the action, and was not affected by the intervening lapse of time. . . . But if it introduced a new or different cause of action, it was the equivalent of a new suit, as to which the running of the limitation was not theretofore arrested. . . . The original complaint set forth that the defendant was operating a line of railroad in Virginia, North Carolina, and elsewhere, that plaintiff was in its employ, that when he was injured he was in the line of duty and was proceeding to get aboard one of the defendant's trains, and that the injury was sustained at Cochran, Virginia, through the defendant's negligence in permitting a part of its right of way at that place to get and remain in a dangerous condition. Of course, the right of action could not arise under the laws of North Carolina when the casual negligence and the injury occurred in Virginia; and the absence of any mention of the laws of the latter state was at least consistent with their inapplicability. Besides, the allegation that the defendant was operating a railroad in states other than Virginia was superfluous if the right of action arose under the laws of that state, and was pertinent only if it arose in interstate commerce, and

therefore under the act of Congress. In these circumstances, while the question is not free from difficulty, we cannot say that the court erred in treating the original complaint as pointing, although only imperfectly, to a cause of action under the law of Congress. And this being so, it must be taken that the amendment merely expanded or amplified what was alleged in support of that cause of action, and related back to the commencement of the suit, which was before the limitation had expired.''

In Tiffany on Death by Wrongful Act (2 Ed.), sec. 202, it is said: ''The plaintiff whose right of action arises under a foreign statute must allege and prove it. Where the declaration sets out a good cause of action according to the law of the forum without alleging that the killing was in the state, the declaration will be held good as setting out a cause of action arising within the state. If the declaration fails to allege the foreign statute, an amendment alleging it is not open to the objection that it sets up a new cause of action, although the period of limitation prescribed by the foreign statute has elapsed.'' This rule is in harmony with that announced in other treatises on the same subject.

From all of which it appears that the courts and the texts are in accord in holding that such an amendment as was made in the instant case is proper.

III. While the power of the courts in regard to the amendment of pleadings had its origin in the common law, this power has been given legislative recognition in many states, the effect of which is to amplify and liberalize the courts' rulings in that regard, limited only by sound judicial discretion applicable to the facts in each particular case.

Liberal Statute.

The statute of this State authorizing such amendments is exceedingly liberal and provides that: ''The court may, at any time before final judgment, in furtherance of justice, and on such terms as may be prop-

er, amend any record, pleading, process, entry, return or other proceedings, by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting other allegations material to the case, or when the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the facts proved." [Sec. 1274, R. S. 1919.]

The liberal trend of this statute prompts epigrammatic interpretation of same that the rule is to allow amendments; the exception to refuse them; and that the court should not be less liberal in the construction of the statute than it is in its declarations. [Corrigan v. Brady, 38 Mo. App. l. c. 657; House v. Duncan, 50 Mo. 453; Lottman v. Barnett, 62 Mo. 159; Ensworth v. Barton, 67 Mo. 622; Carr v. Moss, 87 Mo. 447.]

The discretion of the trial court as exercised under the ample provisions of this statute should not be interfered with unless it appears that it has been abused or, in other words, that the defendants have suffered injury by reason of the amendment. [Wright v. Groom, 246 Mo. 158; Broyles v. Eversmeyer, 262 Mo. 384.]

With these textual declarations for our guidance, let us inquire how, or in what manner the amendment complained of, injured the defendants, this evidently

*Injuring Defendant.* being the limit in construing the power conferred by the statute in addition to that already possessed under the common law.

The amendment did not require a different character of evidence from that necessary to support the original petition; the measure of damages and the identity of the subject-matter is the same in both petitions and a judgment rendered upon either would have constituted a complete bar to an action on the other. In the presence of these facts, there is nothing left upon which to base a contention that the amended plead-

ing sought to impose any burden or demanded the satisfaction of any obligation other than that prayed for in the original petition. Construing the amendment, therefore, in the light of the statute, we find nothing therein which violates the rule prohibiting a departure and the consequent statement of a new cause of action.

IV. The amendment of which the defendants complain was rendered necessary by their tendering an issue on the eve of the trial. Under such circumstances they are in no position to complain. We so held in Lemon v. Chanslor, 68 Mo. 340; a like conclusion was reached in Hoover v. Railroad, 16 S. W. (Mo.) 480, where it is said that an amendment is permissible when it controverts or avoids new matter set up by way of defense.

In an early Connecticut case, it was held that where defendant by his plea in bar had rendered it necessary that the plaintiff amend his pleading to entitle him to a recovery, that such amendment might be made by replication and would not constitute a departure. [Fowler v. Macomb, 2 Root (Conn.) 388.]

Our statute (Section 1274, supra) renders the rule in the Connecticut case as to the amendment of replies applicable to petitions.

In Friederichsen v. Renard, 247 U. S. 207, it was held that where a plaintiff was compelled by an order of the court to change his suit in equity for cancellation of a contract and debt, to a suit at law for damages because of fraud, it did not constitute a departure so as to warrant the striking out of the petition or the application of the Statute of Limitations to the suit for damages. In the instant case, the plaintiff was compelled to ask for permission to amend his petition by the act of the defendants or rather by the act of the court in permitting the defendants to file an amended answer on the eve of the trial, and, consequently it comes within the rule announced in the Friederichsen Case, supra.

We have reviewed with care the cases cited and conclusions drawn therefrom in the defendants' brief and do not find that they sustain the action of the circuit court in dismissing the plaintiff's petition; its judgment is, therefore, reversed and the cause remanded with directions to set aside the order of dismissal herein, and to reinstate this case for trial.

All concur.