NINA B. FROST, Adm'r.

*vs.*

C. W. CONE TAXI AND LIVERY COMPANY

Washington.   Opinion November 10, 1927.

*This court is confined to the facts stated in a bill of exceptions in rendering its decision.*

*It will take judicial notice of the fact that the basis of the jurisprudence of the Province of New Brunswick is the common law.   To this extent Owen v. Boyle, 15 Me., 147 is overruled.*

*What the common law or statute law of a foreign state is, if it is contended that the common law differs from our own, must be proved.*

*While an amendment changing an action from common law to one based on statute, or from one statute to another, introduces a new cause of action, an amendment setting forth the terms of the statute on which an action is based, does not introduce a new cause of action.*

*An amendment supplying a fatal omission in a declaration does not necessarily introduce a new cause of action.   The purpose of amendment is to cure defects.*

*An amendment, if proper, dates back to date of writ, and the amended writ is not barred by a statute of limitations if the writ was originally brought within the statute.*

The declaration in this case being obviously drawn under a Lord Campbell Act and the rights of the parties, as disclosed by the bill of exceptions, being determined by the laws of New Brunswick, the presumption is that the declaration was based on a Lord Campbell Act of New Brunswick, the bill of exceptions disclosing nothing to the contrary.

On exceptions.  An action of negligence for personal injuries causing immediate death of plaintiff's intestate, her husband, who was killed August 11, 1925 at Milltown in the Province of New Bruns-

wick, Canada, when run over by an automobile owned by defendant and operated by its servant. Defendant pleaded the general issue and alleged in a brief statement contributory negligence. During the trial plaintiff moved to amend her writ, objection to which was made by defendant, which was denied on the ground that it introduced a new cause of action, and plaintiff excepted. At the conclusion of plaintiff's evidence a motion for a non-suit was granted and plaintiff excepted.

Exceptions sustained.

The case is very fully stated in the opinion.

*Locke, Perkins & Williamson, and Curran & Curran,* for plaintiff.

*Herbert J. Dudley,* for defendant.

SITTING: WILSON, C. J., PHILBROOK, DUNN, DEASY, BARNES, PATTANGALL, JJ.

WILSON, C. J.    An action for personal injuries resulting in the immediate death of the plaintiff's intestate, and received within the Province of New Brunswick, and alleged to be due solely to the negligence of the defendant's servant.

The declaration as originally drawn was obviously based on what is commonly known as a Lord Campbell Act granting a right of recovery in cases of death without conscious suffering and for the sole benefit of the next of kin,—in this case, of the widow and four minor children. As the statutes of this state have no extra-territorial force, the presumption is that it was based on a New Brunswick statute, if such a statute existed.

During the course of the trial, according to the bill of exceptions, the plaintiff offered proof of a New Brunswick Act granting a right of recovery by the representative of the estate for the benefit of the widow and children, in case of immediate death, which was properly excluded on the ground that the declaration contained no allegation that such a statute existed in the Province of New Brunswick. Subsequently the plaintiff moved to amend her declaration by adding a new count substantially in the form of the original count with an additional allegation setting forth in terms the New Brunswick Act.

Objection was raised to the proposed amendment on the ground that it introduced a new cause of action. The amendment was refused and a non-suit ordered to which ruling the plaintiff excepted. The case is here on the plaintiff's bill of exceptions.

Upon the statement of facts set forth therein, and this Court cannot travel outside the bill of exceptions, we think the amendment should have been allowed. The action clearly was not based on any common law right. No such right existed at common law. Inasmuch as it is a well known historical fact that in 1713 the Province of New Brunswick became subject to Great Britain and was almost entirely settled by immigrants therefrom, augmented at the close of the Revolutionary War by a large number of loyalists from this country, this Court will presume, unless the contrary be shown, that the foundation of the system of jurisprudence in this Province is the English common law, 5 R. C. L. 820; 10 R. C. L. 894, sec. 42; and if it be claimed that it differs from the English law or from our own, the party asserting it must allege and prove it. 5 R. C. L. 821. We think *Owen* v. *Boyle,* 15 Me. 147 may be harmonized with this view and with the other authorities, except in so far as it may be construed to hold that there is no presumption that the common law is the foundation of the jurisprudence of this Province. To this extent, it must be regarded as overruled. Also see *Peabody* v. *Maguire,* 79 Me., 572; *Carpenter* v. *Grand Trunk Ry.* 72 Me., 388; *Scottish Com. Ins. Co.* v. *Plummer,* 70 Me., 540; *McKenzie* v. *Wardwell,* 61 Me., 136.

So far as the bill of exceptions discloses, the rights of the parties being determined by the laws of that Province, it was a case of an action evidently brought under a Lord Campbell Act of the Province of New Brunswick in which counsel neglected to set forth that such a statute existed and its terms. 8 R. C. L. 816. Counsel for defendant urges in this brief that the plaintiff was proceeding under Secs. 9 and 10 of Chap. 92 R. S. and had closed his case on that basis, and upon the point being raised then offered proof of the New Brunswick Act and upon its admission being refused offered the proposed amendment.

The bill of exceptions, however, does not so state and the reasonable inference from its language is that proof of the act was offered in due course of the trial.

It is well settled that an amendment changing an action from one grounded on the common law to one based on a statute introduces a new cause of action. *Anderson* v. *Wetter,* 103 Me., 257; *Union Pac. R. R.* v. *Wyler,* 158 U. S. 285. An amendment changing a cause of action from one statute to another is equally objectionable.

But while there is a conflict and much confusion among the authorities, the weight of authority appears to support the rule that, at least, where the action is based on a Lord Campbell Act of the *locus delicti,* which is not the *locus fori,* an omission to set forth the statute of the *locus delicti* may be cured by an amendment.

The right invaded is the same under both the original and amended declaration. It is only a question of meeting the requirement that the Court will not take judicial notice of the laws of a foreign state, and a matter of proof. *Lustig* v. *N. Y. Etc. Ry. Co.* 20 N. Y. S., 477; *Wingert* v. *Circuit Judge,* 101 Mich., 395; *Louisville and N. R. R. Co.* v. *Pointer's Adm'r.,* 113 Ky., 952; *Nashville Etc. Ry.* v. *Foster,* 78 Tenn., 351; *Texas and N. O. R. R. Co.* v. *Cross,* 60 Tex. Civ. App. 621; *Viscount de Valle Da Costa* v. *So. Pac. Co.,* 176 Fed. R. 843; *Louisville & Nashville R. R. Co.* v. *Greene,* 113 Ohio St., 546 (149 N. E. 876).

If we may assume from the bill of exceptions that the action was originally based on a New Brunswick statute, though not set forth, an amendment setting it forth does not enlarge the cause of action.

It is urged by counsel that as no cause of action is set forth in the original count, an amendment that results in supplying the omission must introduce a new cause of action; but such a rule obviously is not founded in reason and is not the law of this state. *Pullen* v. *Hutchinson,* 25 Me., 249, 252; *McKinnon* v. *Bangor El. Ry.,* 117 Me., 239. The very purpose of an amendment is to cure defects. If without the amendment the action could be maintained, no amendment is necessary.

The defendant also sets forth in its brief another section of the New Brunswick Act, which, it is claimed, has not been complied with and which it contends would prevent plaintiff's recovery. 8 R. C. L. 747, sec. 39. This Court can take notice of only so much of the act as is set forth in the bill of exceptions. If the amendment does not set forth the full context of the Act, the defendant should be per-

mitted to amend its pleadings by setting forth any part of the Act it relies on in defense. We do not pass on this question.

It is no objection that under the New Brunswick Act greater damages may be recovered than are set forth in the writ. A plaintiff is not obliged to claim as damages the full amount permitted to be recovered under such a statute. If her action was originally based on the act, obviously this objection is without force.

Whether the proposed amendment dates back from the beginning of the action to avoid the limitation of such actions under the New Brunswick Act is sufficiently covered by the authorities above cited. We see no good reason why the general rule should not apply; and if the amendment is permissible, it dates back to the beginning of the action and comes within the statute.

*Exceptions sustained.*

*Justice Pattangall* having been of counsel did not participate.