TOWNSEND *v.* NASHVILLE, C. & ST. L. RY.

*(Jackson,* April Term, 1936.)

Opinion filed May 23, 1936.

MADDOX & MADDOX, of Huntingdon, for plaintiff in error.

JOHN T. PEELER and GORDON BROWNING, both of Huntingdon, and WALTON WHITWELL, of Nashville, for defendant in error.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

This suit was commenced by summons issued on the 3rd day of October, 1935, duly signed by the clerk, in form as follows:

"To the Sheriff of Carroll County—Greetings:

"You are hereby commanded to summon The Nashville, Chattanooga & St. Louis Railway if to be found in your County, to appear before the Judge of our Circuit Court, to be held for the County of Carroll, at the Courthouse in the town of Huntingdon, Tennessee, on the 4th Monday of October next, then and there to answer S. W. Townsend, Admr., of the estate of Lemon Townsend, in an action of damages for the negligent operation of one of its trains which ran over and killed the said Lemon Townsend, in the sum of $10,000.00.

"Herein fail not, and have you then and there this writ."

A declaration was filed with the summons, in three counts, alleging negligence in the killing of the deceased on or about the 24th day of June, 1934, averring the appointment of plaintiff as administrator, and reciting that the suit was brought by him in said capacity, that he was the father of the deceased, and that the deceased left surviving him as his next of kin five brothers, naming them, "for whose use and benefit this suit is brought." The declaration contained this additional recital:

"Plaintiff further avers that on or about the 12th day of October, 1934, he brought suit in this Court against the defendant, Railway, for damages by reason of the killing of the said Lemon Townsend and that on the 25th day of June, 1935, he took a nonsuit in said cause."

On the 26th of October a plea in abatement was interposed on the ground, among others not now necessary to consider, that the declaration alleged that the suit was brought by the administrator, who was the father, of the deceased, for the use and benefit of named brothers of the deceased, as next of kin, and that no recovery could be had under our statute for the named beneficiaries.

Pending disposition of the plea, counsel for plaintiff moved to amend the declaration by striking out the allegation that the suit was for the use and benefit of the brothers, and inserting that it was brought for the use and benefit of the living father and mother, deceased leaving no widow or children. This motion was disallowed, the plea sustained, and the suit dismissed. Plaintiff has appealed.

The contention of the defendant, sustained by the trial judge, is that the statutory limitation of one year on the bringing of suits for personal injuries having expired, and the proposed change in the declaration being fundamental, going to the cause of action, it cannot be related to the commencement of the suit, but is, in effect, the bringing of a new suit, barred by the one-year statute of limitations. Or, to quote from the brief of learned counsel for the railway company, the question presented for consideration is this:

"Where suit is instituted by an administrator (a nominal party) for the use and benefit of the brothers of the deceased who have no interest in the suit and who could not sue and for whose use no suit can be had or maintained, can such suit be amended or changed so as to convert it into a suit for the use and benefit of the real beneficiaries after the period of the statute of limitations of one year has expired?"

The question appears to be ruled quite directly by *Love* v. *Southern Railway Co.,* 108 Tenn., 104, 65 S. W., 475, 55 L. R. A., 471, following *Whaley* v. *Catlett,* 103 Tenn., 347, 348, 53 S. W., 131, and followed by *Macklin* v. *Dunn,* 130 Tenn., 342, 170 S. W., 588, Ann. Cas., 1916B, 508, and *Whitson, Adm'r,* v. *T. C. Ry. Co.,* 163 Tenn., 35, 40 S. W. (2d), 396.

In the *Love Case* the summons set out in the opinion and approved was in practically the same form used in the present case, hereinbefore quoted. In that case it was said (108 Tenn., 104, at page 122, 65 S. W., 475, 479, 55 L. R. A., 471), directly applicable here: "Under our statute, the administrator is a party legally authorized to bring the suit, if not brought by the widow, while the persons named in the statute as widow, children, or next of kin are the parties beneficially entitled to receive the proceeds. It is, in any event, the right of action of the deceased, and not that of the beneficiaries. It is sufficient, therefore, if the summons issue in the name of the administrator as the party legally authorized to sue, provided it is alleged in the declaration and shown in the proof that there are statutory beneficiaries. This being so, we come to the question of amending the declaration in this case. We are of opinion that the original declaration which was filed was a nullity, so long as it failed to aver statutory beneficiaries and to designate them in any way. The defendant might therefore have forced the plaintiff to proceed to file his declaration, or have demanded judgment for failure to prosecute the suit, if he chose to do so. But it did not, and the plaintiff, before any objection on this ground, offered to file a declaration which did state a cause of action and parties entitled. We are of opinion the action was com-

menced by the filing of the original summons, so as to arrest the running of the statute of limitations. The filing of the declaration, then, was based upon it, and related back to it. Hence the amendment should have been allowed, and the defense of the statute of limitations was not good."

The opinion then proceeds to distinguish the case of *Flatley, Adm'r,* v. *M. & C. R. Co.,* 9 Heisk., 230, and says: "In the present case the summons issues in the name of the administrator, and that was proper, under the statute, and, being so brought, it was the commencement of an action. The action was defective, however, and could have been dismissed, and no recovery could have been had thereon until the declaration stated beneficiaries and designated them. The amendment did not change the party legally entitled to recover. That still was the administrator. It only stated the parties to whom the administrator should pay the recovery. It was not, therefore, a new cause of action, nor introducing new parties, in the sense that the action was then commenced for them the first time, and the statute of limitations was not a defense."

In the *Love Case* the holding of the United States Circuit Court of Appeals, in *Atlanta, K. & N. R. Co.* v. *Hooper,* 92 F., 820, relied on by counsel in the instant case, was reviewed, but not approved.

In conclusion, MR. JUSTICE WILKES cites our case of *Whaley* v. *Catlett,* 103 Tenn., 347, 348, 53 S. W., 131, as "in principle conclusive of the matters in controversy," and says: "In that case it was held that the cause of action which survived to the widow and children or next of kin was not a new substantive independent cause of action in them, and that they do not recover

in their right, but only in the right of the deceased. When, therefore, the action is brought by the representative of the deceased, although it is for the benefit of the widow, children, or next of kin, it is not in their right, but is in the right of the deceased, and is but a continuation of that right or cause of action. This being so, the suing out of the summons in this case in the name of the administrator was the commencement of an action, and the naming of the parties beneficially entitled was not the introduction and commencement of a new right or cause of action, so that the bar of the statute might be interposed, but it was in law the deceased's right of action, with the names of the beneficiaries entitled set out by the amendment.''

The concluding sentence of the paragraph above quoted fits the case now before us so exactly that further discussion is unnecessary. However, it may be proper to add that this ruling was expressly followed in *Macklin* v. *Dunn,* 130 Tenn., 342, 170 S. W., 588, Ann. Cas., 1916B, 508, and again approved incidentally in the late case of *Whitson, Adm'r,* v. *Railway Co.,* 163 Tenn., 35, 40 S. W. (2d), 396. The judgment must be reversed and the case remanded for further proceedings in accord with this opinion.