Kennard *v.* Illinois Cent. R. Co.*

(*Nashville*, December Term, 1940.)

Opinion filed March 8, 1941.

---

*This case reprinted and annotated in 134 A. L. R. 770.

HENRY M. CRYMES, of Memphis, for plaintiff.

EVANS, EVANS & CRESON, of Memphis, for defendant.

MR. SPECIAL JUSTICE FRANK T. FANCHER delivered the opinion of the Court.

This is a suit for damages brought by the administratrix in Tennessee for wrongful death of the intestate, deceased, occurring in the State of Louisiana. The determinative issue is whether there was such departure in pleading from the original declaration when an amendment thereto was made that it cannot relate, and that by reason of lapse of time the Statute of Limitations had barred the action. The summons is in the statutory form and it shows that the defendant is summoned to answer Janie Kennard, administratrix of R. T. Kennard in an action of damages in the sum of $10,000 for the wrongful death of said decedent.

The original declaration was filed on behalf of Janie Kennard as administratrix of R. T. Kennard, deceased, as plaintiff, against Illinois Central Railroad Company as defendant, showing that plaintiff sues by virtue of letters of administration issued by the Probate Court of Shelby County, Tennessee. It avers that on September 11, 1938, at about 2:30 P. M., plaintiff's intestate while on the tracks of the defendant near the town of Kentwood in Tangipahoa Parish, Louisiana, was struck by a locomotive belonging to the defendant and being operated by its agents or servants in the course or scope of their employment; that the proximate cause of the injuries was the negligent conduct of said agents or servants in operating said locomotive; that as a result of having been

struck as aforesaid plaintiff's intestate suffered physical pain and mental anguish and thereafter died.

To the declaration the defendant demurred to the effect that the declaration is not sufficient in law and states no cause of action because it seeks to recover on an alleged wrongful death occurring in the State of Louisiana, whereas said cause of action ceased with the death of plaintiff's intestate. Thereafter, but before the demurrer was acted upon, plaintiff filed a motion for leave to amend her declaration: (1) So as to show the name of plaintiff in the caption to be ''Janie Kennard as Administratrix of R. T. Kennard, deceased, who sues for the benefit of Janie Kennard, and Janie Kennard, individually;'' (2) That the first paragraph of the declaration be amended likewise. The third matter of amendment was to show the interest of Janie Kennard as a sister of the whole blood to the said decedent and that decedent left surviving him no widow or children, no father or mother, nor brothers or sisters other than the plaintiff, Janie Kennard. The foregoing amendments were by the court allowed. Plaintiff also moved to amend her declaration so as to add:

''That on and prior to September 11, 1938, and continuously to the present time, there was and is in force in the State of Louisiana statutes, being Article 2315 of the Civil Code of Louisiana enacted in the year 1870, as amended by Act No. 71 of 1884, Act No. 120 of 1908, and Act No. 159 of 1918, enacted by the Legislature of Louisiana, said provision of the Civil Code, as amended, on, prior and since September 11, 1938, providing as follows:

'' 'Every act whatever of man that causes damages to another, obliges him by whose fault it happened to repair it; the right of this action shall survive in case of death

in favor of the children or surviving spouse of the deceased or either of them, and in default of these in favor of the surviving father and mother or either of them, and in default of any of the above persons, then in favor of the surviving brothers and sisters or either of them, for the space of one year from the death; provided that should the deceased leave a surviving spouse, together with minor children, the right of action shall accrue to both the surviving spouse and minor children; provided further, that the right of action shall accrue to the major children only in cases where there is no surviving spouse or minor child or children.

" 'The survivors above mentioned may also recover the damages sustained by them by the death of the parent or child or husband or wife or brothers or sisters as the case may be.' "

The court disallowed the motion to amend this last particular setting up the statutes of the State of Louisiana providing survival of rights of action for torts causing death and thereupon sustained the demurrer and dismissed the suit. The ground for the court's action was that if the amendment had been allowed it would be fatal to the successful prosecution of the action, no action lying under the common law on behalf of the plaintiff for such wrongful death as alleged in the declaration.

The judgment shows that the court considered the original declaration as setting up an action under the common law and that the offered amendment, basing the action upon the statutes of Louisiana, if allowed, would state a new cause of action barred by the limitation of one year within which such action must be commenced as conditioned in said survival statutes above quoted.

There is some criticism in defendant's brief as to the

sufficiency of the assignments of error. It is said that there is neither an appeal from nor assignments of error directed to the action of the trial court in dismissing plaintiff's suit. The assignments of error do not in direct language complain of the dismissal of the suit, but they do sufficiently set forth the alleged error of the trial court in disallowing the amendments and saying that plaintiff's statement of her cause of action was good as set up by the amendment. We think the assignments could have been better stated, but they are sufficient to raise all the questions presented in the case.

It will be seen that the summons is in the form of the Code, being a general form under Section 8647. It further appears that if no departure in pleading was offered the declaration as amended presented a good declaration stating a cause of action and relating to the original declaration in point of time. It is also clear that the issuance of the summons effectually arrested the limitation.

Plaintiff concedes the trial courts among the several States do not take notice of laws of sister States, and that such laws, when relied on, must be pleaded and proven. *Hartman* v. *Duke*, 160 Tenn., 134, 22 S. W. (2d), 221. Plaintiff also conceded that the *lex loci delicti* determines the rights of parties affected by the wrong. *Parsons* v. *American Trust & Banking Co.*, 168 Tenn., 49, 73 S. W. (2d), 698.

If no declaration had been filed until the time of the offered amendment in question, although the time of the limitation had run, there would be no bar because the summons stopped the running of the limitation. The summons in the case did not show whether the wrong alleged was committed in Tennessee or Louisiana, and that was not necessary to make it a perfectly good summons

and to arrest the running of the limitation. The summons does not show whether it was a foreign or domestic cause of action.

There is considerable authority to the effect that when the foreign law in action is that of a common law State, it will be presumed that the common law of the foreign State is the same as the common law of the forum; and if there is a statute changing the *lex fori* the presumption will be that the foreign law is the same as that of the forum before the statutory change was made. Goodrich on Conflict of Laws, page 196.

Louisiana, however, is not a common-law State and no aid can be drawn from presumptions. If there could be such a presumption no aid could result because if Louisiana had been a common-law State, the presumption would be that the action died for the reason that the court could not presume a statute similar to Lord Campbell's Act had been enacted in Louisiana, as here. It will also be seen that the original declaration simply charged that defendant negligently injured and killed her intestate in Louisiana and that damages were thus sustained. However, she did not plead the Statute of Louisiana in her original declaration.

The original declaration did not state a common-law right. It was an imperfect declaration, but, of course, subject to amendment to make it perfect. This was what was attempted. The whole inquiry presented is to determine whether the offered amendment, which was rejected, set up another and different cause of action from that stated in the original declaration. If so, then it could not relate and the trial court was not in error in refusing the amendment and in dismissing the suit. This is the point in the case and its solution will determine it.

This court has held that where an action is brought in one State to recover for a wrongful death which occurred in another State, if the original pleading alleges the commission of the tort and the damages resulting, but fails to allege the existence of a statute similar to the English Lord Campbell's Act in the State where the injury occurred, an amendment after the lapse of the Statute of Limitations does not state a new cause of action and the amendment relates back to the time when the suit was originally filed. In that case the declaration alleged that the death occurred in Tennessee, but after the trial and after the period of limitation had run, the plaintiff was granted leave to amend her declaration, averring that the tort was committed in Alabama, and setting up the statutes of Alabama, under which the cause of action survived. *Nashville, C. & St. L. Railroad* v. *Foster*, 78 Tenn. (10 Lea), 351.

The ruling of the trial court disallowing leave to allege the Louisiana statute is contrary to the opinion in *Nashville, C. & St. L. Railroad* v. *Foster*. In that case on the second trial, after the amendment had been granted, there was a request for the court to instruct the jury that if the deceased was killed more than one year before the time of the filing of the amended declaration, the bar of the statute was complete and they should find a verdict for the defendant. The court declined this instruction, holding that the amendment to the declaration did not change the cause of action and that it related to the issuance of the original summons, and so charged the jury. On appeal, the opinion says:

"In this cause the action was instituted by the proper party and for the use of the proper persons. The gravamen of the suit was the wrongful killing by the defendant

of the plaintiff's intestate. The amendment made no new parties, introduced no new cause of action nor deprived the defendant of any defense, as the plea of not guilty, which was the only defense to the original declaration and was applicable alike to the amended declaration which alleged the same cause of action, but which was defectively stated in the original. The effect of the amended amendment was simply to lay the venue in the State of Alabama and aver the statute of that State, as the law by which the right was to be governed.''

Our court has held in a case where the declaration originally alleged that the cause of action was based on certain statutes of Georgia set out in the declaration that a subsequent amendment to the declaration striking the averments as to the Georgia statutes and substituting a personal representative as plaintiff in place of the mother of the deceased, all of which was after the period of limitation, and that allegations that plaintiff's intestate and the defendant railroad company were engaged in interstate commerce when injured was not a departure from the position first taken. The Court said: ''The reference made in the original pleadings of the widow to the Georgia statute may be disregarded as surplusage and of no effect.'' *Nashville, C. & St. L. Railroad* v. *Anderson,* 134 Tenn. 666, 679, 185 S. W. 677, L. R. A. 1918C, 1115, Ann. Cas. 1917D. 902.

Our court has also held in a case against a railroad company by an injured employee where the declaration alleged that the cause of action arose under the laws of Kentucky that an amendment at the trial striking out these allegations was not a departure, treating the allegations as mere surplusage. *Louisville & N. Railroad* v. *Reagan,* 96 Tenn., 128, 136, 137, 33 S. W., 105.

The question decided in *Nashville, C. & St. L. Railroad* v. *Foster* has come before the courts many times in other States and the same rule adopted. See *Louisville & N. R. Co.* v. *Pointer's Adm'r*, 113 Ky., 952, 69 S. W., 1108; *Viscount De Valle Da Costa* v. *Southern Pac. Co.*, 1 Cir., 1910, 176 F. 843; *Montague* v. *Missouri & K. Interurban R. Co. et al.*, 289 Mo. 288, 233 S. W. 189; *Louisville & N. R. Co.* v. *Greene*, 113 Ohio St. 546, 149 N. E. 876; *Lustig, Adm'r,* v. *New York, etc., R. Co.*, 65 Hun. 547, 20 N. Y. S. 477; *Frost* v. *C. W. Cone Taxi & Livery Co.*, 126 Me. 409, 139 A. 227.

In the above case of *Louisville & N. R. Co.* v. *Pointer's Adm'r,* the original declaration was filed to recover damages for the wrongful death of Pointer. The suit was brought in Kentucky, and the declaration averred the death of Pointer in Virginia. Later, but after the period provided for limitation had expired, plaintiff amended so as to add to the declaration an allegation that at the time of the injury there was in force a statute in Virginia allowing a recovery for a death produced by the negligence of another. The demurrer, as in the present case, stated as a new cause of action was averred it was barred by the period of limitation in the Virginia statute. The trial court overruled the demurrer, and on trial judgment was rendered for plaintiff. This direct question was presented before the Court of Appeals. Among other pertinent things stated by the Court in that case was the following [113 Ky. 952, 69 S. W. 1110]: "The plaintiff was attempting to set forth in this petition his cause of action against appellant. Not a cause that did not exist (at common law), but the one that did exist, and that necessarily must have been based upon some statute. He alleged a number of essential facts, but omitted one. By

this amendment he supplies the one omitted. This does not change the parties, nor the nature of the action, nor the cause of it. It merely perfects that which before was imperfect for lack of that averment. Such is the proper office of all amendments.''

In the above case of *Viscount De Valle Da Costa* v. *Southern Pac. Co.*, plaintiff originally alleged that the deceased was an employee of the defendant and was negligently injured aboard a steamship operated by the defendant on a voyage from New York to Galveston. The action was commenced in Massachusetts, but subsequently removed to the Circuit Court of the United States. At the time of the injury, the defendant was a corporation of the State of Kentucky and the Maritime Law is that an action for negligence occurring on the high seas is governed by the laws of the State in which the defendant corporation was organized. At that time under the statutes of Kentucky a cause of action for wrongful death survived if brought within a certain period. After the period of limitation plaintiff sought to amend his declaration setting forth the Kentucky statutes. The trial court refused the amendment and dismissed the suit. The Court of Appeals reversed the trial court. Without quoting at length from the language of the strong opinion in that case, it was held that all these omissions were matters which can all be cured by amendment, and that in the eyes of the law the cause of action must have been understood by the defendant as it appeared originally as one arising under the laws of Kentucky.

In the case of *Montague* v. *Missouri & K. Interurban R. Co.*, above cited, the suit was brought in Missouri for damages on account of the death of plaintiff's wife, alleging negligence of the defendant. The negligent in-

juries were alleged to have been in the State of Kansas. There was no averment in the declaration concerning any statutes of Kansas. On the trial plaintiff amended his petition setting up certain statutes that were in force in Kansas at the time of the accident. According to the Kansas statute, an action for wrongful death survived if brought within two years. Defendant moved to strike out the amended petition on the ground that it set forth a departure from the original cause alleged. This motion was sustained and judgment entered for defendant. On appeal the Supreme Court of Missouri reversed the judgment holding that the amendment did not set up a new cause of action. A number of prior decisions were cited including the Tennessee case of *Nashville, C. & St. L. R. Co.* v. *Foster,* above cited.

In the case of *Louisville & N. R. Co.* v. *Greene,* above cited, the action was commenced in Ohio by the administrator of Greene for personal injuries which resulted in his death, alleging negligence of the railroad company while operating its train in Kentucky where the accident occurred. More than a year after the injury plaintiff amended her petition pleading the Kentucky statutes specifically. The defendant appealed from the order permitting the amendment. The opinion in *Nashville, C. & S. L. Railroad* v. *Foster,* of our court, is discussed and approved in this Ohio case, along with prior decisions of the other courts sustaining its decision. The Court held that the situation there presented did not assert a new, independent, or distinct action from that set forth in the original petition; that the missing fact required to be pleaded and proven, which was the Lord Campbell Act of Kentucky, was merely a defective pleading which made the latter subject to demurrer unless amended. Also,

that the plaintiff having properly commenced her action against defendant, the amendment could be made after the period of limitation had expired and would relate back to the commencement of the action.

In the case of *Lustig, Adm'r,* v. *New York, etc., R. Co.,* above cited, Lustig was killed in New Jersey and the suit was brought in New York. After both sides had rested and proof taken, defendant moved to dismiss on the ground that the death took place in New Jersey and that there was no allegation or proof on the trial of any statute of New Jersey authorizing recovery of damages, and that as no recovery existed at common law, no cause of action had been made out. At that stage the court reopened the case and allowed the plaintiff to amend the complaint supplying the defect. The Court of Appeals of New York held that it is incorrect to say that the effect of the amendment was to change a common-law action into one based upon a statute.

In *Frost* v. *C. W. Cone Taxi & Livery Co.,* above cited, the plaintiff sued in Maine to recover for personal injuries causing the immediate death of plaintiff's intestate because of the negligence of the defendant in the Province of New Brunswick, Canada. During the trial the plaintiff offered proof of a New Brunswick statute granting a right of recovery by the representative for the benefit of the widow and children in the case of immediate death. This proof was excluded because there was no averment of such statute in the declaration. The plaintiff then moved to amend her declaration by adding a new count stating in form substantially as in the original count with an additional allegation setting forth the New Brunswick Act. Objection was here made that this introduced a new cause of action. The court re-

fused the amendment and dismissed the action. The Supreme Court of Maine reversed the judgment and the Court said [126 Me. 409, 139 A. 229]: ''We think the amendment should have been allowed. The action clearly was not based on any common-law right. No such right existed at common law.'' The Court held that the amendment only met the requirement that the court will not ''take judicial notice of the laws of a foreign state'' and the Court said: ''If we may assume from the bill of exceptions that the action was originally based on a New Brunswick statute, though not set forth, an amendment setting it forth does not enlarge the cause of action.''

Many other authorities might be cited bearing upon and confirming these conclusions, but we deem it unnecessary. We will only quote from the opinion of Judge Holmes in *New York, etc., Ry. Co.* v. *Kinney*, 260 U. S. 340, 43 S. Ct. 122, 123, 67 L. Ed. 294, in which an action was commenced in the State of New York to recover damages from the railroad company for personal injuries sustained in the course of plaintiff's employment. The original complainant set forth facts that would give a cause of action under the common law under the statutes of New York, as one or another might govern. Thereafter plaintiff was allowed to amend his complaint by alleging that at the time of the injury defendant was engaged in interstate commerce and he was allowed a recovery. The judgment was affirmed by the Appellate Court of New York, and *certiorari* was granted by the Supreme Court of the United States. It was there contended that the amendment constituted a new cause of action. In affirming the judgment of the New York Court, Mr. Justice Holmes said:

''. . . Here the declaration was consistent with a

wrong under the law of the State or of the United States, as the facts might turn out. The amendment 'merely expanded or amplified what was alleged in support of the cause of action already asserted . . . and was not affected by the intervening lapse of time.' *Seaboard Air Line Ry.* v. *Renn,* 241 U. S., 290, 293, 36 S. Ct., 567, 568 (60 L. Ed. 1006 [1008]), [17 N. C. C. A. 1]. 'The facts constituting the tort were the same, whichever law gave them that effect.' *Seaboard Air Line Ry.* v. *Koennecke,* 239 U. S. 352, 354, 36 S. Ct. 126, 60 L. Ed. 324 [326, 11 N. C. C. A. 165]. See also *St. Louis, S. F. & T. R. Co.* v. *Smith,* 243 U. S. 630, 37 S. Ct. 477, 61 L. Ed. 938. Of course an argument can be made on the other side, but when a defendant has had notice from the beginning that the plaintiff sets up and is trying to enforce a claim against it because of specified conduct, the reasons for the Statute of Limitations do not exist, and we are of opinion that a liberal rule should be applied.''

We quote the above language from the opinion of Judge HOLMES because it displays the fine manner in which he always discussed legal technicalities and his liberality in that respect in the endeavor always to reach a practical result. We find no case inconsistent with the foregoing opinions.

■ The original declaration was subject to the demurrer for not stating a complete cause of action. The declaration revealed that the *delicti* was governed by the laws of Louisiana by the recital that it occurred in that State, but it did not set out the law of Louisiana sued upon. It was an imperfect declaration but subject to amendment to make it perfect. This was what was attempted. It could not be called a suit grounded upon the common law. A wrong done in Louisiana was never

actionable under the common law, for it is historic that Louisiana is not a common-law-State, but derived its original laws through France, whose laws partake of the civil law of Rome.

Many authorities are discussed in the brief of counsel for defendant, but they miss the mark because of the fundamental error in the premise assumed that the original declaration stated a case under the common law. In truth, it failed to designate the law as required by the rules of pleading.

Defendant relies most on the opinion of the court in *Parsons* v. *American Trust & Banking Co.,* 168 Tenn. 49, 73 S. W. (2d) 698. That case goes no farther than to say that if a declaration presents a cause of action arising under the common law and is amended so as to ground it upon a statute, there is a departure. It plainly has no reference to the situation here and in that case it was held there was no departure.

The other insistence by counsel for defendant that when a party is summoned into court by a regular summons and he fails to state a cause of action before the time for the limitation has run, it cannot relate, is most unsound, and does violence to the well settled doctrine that the summons arrests the running. If that were a sound proposition of law, then in case a summons issued one day before the expiration of the time and a declaration filed one day after the time, the case would be barred, though suit had been timely instituted.

The issuance of the summons within the period of limitation protects the plaintiff against the bar of the statute, although the declaration is not filed until after the lapse of the period, unless the declaration when filed departs from the cause of action stated in the sum-

mons. Code, section 8648; *Love* v. *Southern R. Co.*, 108 Tenn. 104, 65 S. W. 475, 55 L. R. A. 471; *Macklin* v. *Dunn*, 130 Tenn. 342, 346, 170 S. W. 588, Ann. Cas. 1916B, 508; *Townsend* v. *Nashville, C. & St. L. Ry.*, 170 Tenn. 239, 94 S. W. (2d) 384.

We have considered the case on strict and technical rules of pleading. If there be any doubt of the applicability of these considerations, then for a more practical reason the law should not be strained. Defendant has not been misled or injured by the amendment offered. Defendant's counsel have known all the time what they were called upon to defend. They have known it was a death in Louisiana and they are not ignorant of the controlling laws. Their whole fight is purely technical and no substantial loss of right has occurred. Other matters as to amendments have been discussed in brief by plaintiff's counsel. These go to the question of the change in action from that of the suit by the administrator as such to a suit by her as administratrix for her own individual benefit and also in her own name. These amendments were allowed by the trial judge and are not appealed from or questioned. Hence we omit any consideration in that respect.

For the error herein indicated, the judgment appealed from in disallowing the amendment to the declaration offered by plaintiff is reversed with judgment here that it be allowed and the case reversed and remanded for further proceedings in accord with this opinion.